## 52270. BEAUDRY FORD, INC. v. BONDS.

STOLZ, Judge.

This is an appeal by defendant Beaudry Ford, Inc. of that portion of a jury verdict awarding $2,500 attorney fees to the plaintiff.

Construed most favorably to the verdict reached, the evidence shows that plaintiff Bonds authorized his mechanic John Wilson to take his car into Beaudry's shop for repairs. Wilson testified that he told Beaudry's employee who towed the car into the shop that the car belonged to Mr. Bonds. Wilson later repeated that information to Beaudry's service advisor, telling him to contact Mr. Bonds directly for any necessary repair authorizations. Bonds came down to pay for his car, tendered full payment which Beaudry accepted, and then discovered that his car was missing. At that point, Beaudry returned Mr. Bonds' check, disclaiming all liability for the missing vehicle. Beaudry reported the automobile stolen and its service manager told the investigating officer that the car belonged to Ronald Bonds.

Plaintiff Bonds sued Beaudry for the value of the car, loss of use, attorney fees and punitive damages, recovering $1,200 for the car and $2,500 attorney fees.

1. The appellee's motion to dismiss the appeal is denied.

2. Code § 20-1404 states: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." As we pointed out in *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522 (191 SE2d 317), this Code section turns upon the existence of a "bona fide controversy." "A defendant without a defense may still gamble on a person's unwillingness to go to the trouble and expense of a lawsuit; but there will be, as in any true gamble, a price to pay for losing. We do not believe the trial courts will find any difficulty in determining whether a genuine dispute exists — whether of law or fact, on liability or amount of damages, or on any comparable issue. Where

none is found, it may authorize the jury to award the expenses of litigation." *Buffalo Cab Co. v. Williams,* supra, p. 525.

The appellant has seized upon the language quoted above, "on liability or amount of damages," in an effort to defeat the award of attorney fees by pointing out that it had, indeed, disputed the amount of damages claimed by the plaintiff. However, on reading the entire record in this case, we conclude that this "genuine dispute as to damages" is a make-shift effort by the appellant to cover for its otherwise intractable position on liability. The defendant stipulated at trial that it had the car in its shop for repairs and that, while there, the car was stolen. Initially, defendant Beaudry took the position that it simply was not liable to Bonds because Wilson brought the car to the shop and therefore any bailment which existed was between Wilson and Beaudry. The defendant steadfastly denied liability and therefore it cannot raise the amount of damages as a genuine controversy. In denying any liability to the plaintiff car owner, Beaudry effectively forced Bonds to litigate. Once brought to trial, Beaudry simply introduced contrary evidence as to the car's value in an attempt to ameliorate any possible verdict for the plaintiff.

Plaintiff Bonds stated that his car was worth $3,000; Beaudry countered with evidence of value ranging between $900 and $1,200. The jury awarded Bonds $1,200. Although normally attorney fees are not authorized when the amount of the defendant's liability is substantially less than the amount sought, this essentially has been because the large discrepancy in the amounts sought and awarded indicated that there was a bona fide controversy between the parties. However, in this case Beaudry denied all liability for any amount of damages and was intractable in its position prior to, during, and after the trial. This rationale for denying attorney fees is simply inapt in this case.

There was sufficient evidence to submit this issue to the jury and the jury returned a verdict thereon for the plaintiff. That award of attorney fees, being supported by evidence, will not be disturbed.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED JUNE 7, 1976 — DECIDED JULY 6, 1976.

*Carter, Ansley, Smith & McLendon, H. Sanders Carter, Jr.,* for appellant.
*James W. Lewis,* for appellee.