54714. HARRISON v. IVIE.

SHULMAN, Judge.

This appeal arose out of a claim for property damage resulting from an automobile collision and attorney fees. A jury verdict for appellee in the sum of $202.25 property damage and $800 for attorney fees was rendered, and judgment subsequently entered in these amounts. Appellant filed three enumerations of error based on the trial court's failure to direct a verdict as to attorney fees, on the trial court's instructions to the jury authorizing attorney fees, and on the denial of a motion for judgment notwithstanding the verdict on the same grounds.

1. The only testimony tending to establish any conflict in the evidence was that of appellant, and from a review of the transcript there appears no true "bona fide" controversy existing as to liability. Appellee's testimony showed full cooperation with appellant's procedure for reaching a settlement, and in fact she was told that a settlement would be made. This court holds that no genuine issue of liability was indicated.

Code Ann. § 20-1404 states: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

In the case of *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522, 525 (191 SE2d 317) we held: "A defendant without a defense may still gamble on a person's unwillingness to go to the trouble and expense of a lawsuit; but there will be, as in any true gamble, a price to pay for losing. We do not believe the trial courts will find any difficulty in determining whether a genuine dispute

exists—whether of law or fact, on liability or amount of damages, or on any comparable issue. Where none is found, it may authorize the jury to award the expenses of litigation." See also *Beaudry Ford, Inc. v. Bonds,* 139 Ga. App. 230 (228 SE2d 208).

"There was sufficient evidence to submit this issue to the jury and the jury returned a verdict thereon for the plaintiff. That award of attorney fees, being supported by evidence, will not be disturbed." *Beaudry Ford, Inc. v. Bonds,* supra, p. 231.

2. "After a jury verdict has been returned the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict. [Cit.]" *Brown v. Nutter,* 125 Ga. App. 449, 450 (188 SE2d 133).

*Judgment affirmed. Smith and Banke, JJ., concur.*

ARGUED OCTOBER 12, 1977 — DECIDED NOVEMBER 14, 1977.

*Murray & Temple, William A. Dinges,* for appellant.

*Pye, Groover & Pye, Lewis M. Groover, Jr., Smith, Cohen, Ringel, Kohler & Martin, Williston C. White,* for appellee.