## 58364. FIRESTONE TIRE & RUBBER COMPANY v. HALL et al.

McMurray, Presiding Judge.

This case involves an action for property damage arising under strict liability law, sometimes called products liability, in existence in 1975 at the time of the alleged sale of the defective product. See Code § 105-106 as amended (Ga. L. 1968, pp. 1166, 1167; and after 1975 by Ga. L. 1978, p. 2202; 1978, p. 2218; 1978, p. 2267).

On December 3, 1975, Marvin C. Hall and Pearl Irene Hall purchased a 1975 Ford tri-axle dump truck for use in a new business venture. The dump truck came equipped with Firestone 12-ply tires, that is, two front tires "1100 x 20" tread 12 ply"; 8 tires rear, "1100 x 20" tread 12 ply." The truck was also specially equipped with a third axle "W/4 New Tires" to make it into a tri-axle dump truck.

As one of the first jobs undertaken by Marvin C. Hall, he contracted to haul crushed rock from Columbus to Bainbridge, Georgia. After a few trips, Hall contends that a front tire blew out, necessitating the purchase of a new tire and tubes, and other incidental expenses involved in the blowout. He also contends the truck was otherwise damaged as a result of the blowout, necessitating other repairs to the truck, which were later performed in Atlanta where he had purchased the truck, causing him to

lose profits for the time period it was out of service. He also returned the destroyed tire for adjustment by the seller of the truck with Firestone, the same being in two pieces, "split right down the middle all the way around, and some of it, the tire, was missing." Firestone then told him "they weren't going to do anything about it."

Whereupon the Halls, as plaintiffs, sued Firestone Tire and Rubber Company, seeking damages as the result of a breach of warranty in the amount of $999.95; $1,500 for lost wages (for plaintiff Marvin C. Hall) due to said breach, and for all reasonable attorney fees and reasonable costs of court and expenses of litigation incurred by reason of the defendant's bad faith, and alleging defendant had been stubbornly litigious. By amendment during the trial the strict liability theory was invoked against the defendant as the manufacturer, again seeking damages in the amount of $999.95 for damages incurred to said truck and for tire replacement; $1,500 for lost wages (for plaintiff Marvin C. Hall) "and/or such reasonable hire of said truck while it was being repaired and unusable, together with the costs of this action," and by another amendment seeking expense of litigation and attorney fees for bad faith and stubborn litigiousness.

At the completion of the trial the case was submitted to the jury on the theory of strict liability that the manufacturer of any personal property sold as new property, either directly or through a dealer or any other person, shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended and its condition when sold is the proximate cause of the injury sustained.

The trial court also submitted to the jury the issue of attorney fees if the jury determined that the defendant had no genuine defense to this action "as to the reasonable value of such services based on the time spent and the legal and factual evidence or factual issues involved in accordance with the prevailing fees . . . in the metropolitan Atlanta area." The jury returned a verdict in favor of the plaintiffs in the amount of $1,730.38 plus $600

for attorney fees. A judgment was entered thereon. Whereupon the defendant filed a motion for judgment notwithstanding the verdict and in the alternative for a new trial, which was thereafter amended and denied after a hearing. Defendant appeals. *Held:*

1. Defendant first alleges error in the denial of its motion for judgment notwithstanding the verdict on the ground that the plaintiffs failed to establish the existence of a manufacturing defect in the tire at the time that it left the hands of the manufacturer. Defendant contends that the truck was equipped with "12-ply rated tires"; that the truck was overloaded, the major cause of blowouts is deflection and based on the testimony by its expert, the sole and proximate cause of the damage was the fault of the plaintiffs. A tire had been returned to the defendant for examination. Plaintiff Marvin C. Hall, however, contends the tire involved in the blowout was returned in "two pieces" and as shown by his evidence it was a "1100 x 20" tread 12 ply" tire. He testified that the tire produced by the defendant at the trial was not the tire involved in the incident and which blew out. Defendant's expert testified that the tire he examined contained eight plys and is referred to in the industry "as a 12-ply rating tire."

Defendant contends that the plaintiffs failed to show that the manufacturer's product when sold by the manufacturer was defective. See *Center Chemical Co. v. Parzini,* 234 Ga. 868, 869 (218 SE2d 580). However, the plaintiffs contend that the existence of a manufacturing defect in a products liability case may be inferred from circumstantial evidence, that is, the evidence shows that the truck tire while plaintiff Marvin C. Hall was driving blew out, causing the vehicle to be damaged as a result thereof; that the tube was totally destroyed as well as a flap which was part of the assembly of the tire on the wheel, the rim was blown away and lost, and the tire was in two pieces. Based upon the above evidence and testimony that there was proper pressure in the tire and no known road hazards to cause the blowout, that the tires were new and that there was no other reasonable explanation for the blowout other than a defect in the tire, there was ample evidence from which the jury could infer that the property damage was due to a defect at the time

the tire left the hands of defendant. See *Firestone Tire &c. Co. v. King,* 145 Ga. App. 840, 842 (244 SE2d 905). Compare *Tepper v. Marty's, Inc.,* 139 Ga. App. 140 (228 SE2d 32), a negligence case, and *Firestone Tire &c. Co. v. Jackson Transp. Co.,* 126 Ga. App. 471 (191 SE2d 110), involving implied warranty. The evidence was sufficient to authorize a verdict and judgment for the plaintiffs.

2. Defendant next contends that the evidence failed to establish the measure of damages for the injury to the personal property. Here plaintiffs did not attempt to establish "the difference between the value of the property before the damage and afterwards" as was the case in *Douglas v. Prescott,* 31 Ga. App. 684 (1) (121 SE 689). However, plaintiffs established by evidence the proper and necessary repairs and expenses involved as a direct and proximate result of the blowout. See *General GMC Trucks, Inc. v. Crockett,* 145 Ga. App. 503 (2) (244 SE2d 78). Further, there was evidence to establish the lost profits involved with such a degree of certainty as to allow some recovery therefor. See *Appling Motors, Inc. v. Todd,* 143 Ga. App. 644, 645 (2) (239 SE2d 537); *Jenkins v. Cobb,* 47 Ga. App. 456, 462 (170 SE 698). There is no merit in this complaint.

3. The next enumeration of error contends that the plaintiffs' evidence failed to establish any bad faith or stubborn litigiousness on the part of the defendant, that is, that same must have been a part of the transaction which gave rise to the plaintiffs' original claim, contending that the issue of liability of the defendant was hotly contested here. See *Harrison v. Ivie,* 143 Ga. App. 856 (240 SE2d 224); *Colbert Co. v. Newsom,* 125 Ga. App. 571, 573 (8) (188 SE2d 266). However, the plaintiffs showed that the defendant failed to back up its responsibility as the manufacturer to the public consumer, that is, to the plaintiffs. Plaintiffs' evidence showed that the tires were properly inflated whereas defendant's evidence attempted to show by the expertise of its expert witness upon an exhibit, the same being an 8-ply, 12-ply rated tire, that the blowout alleged to have occurred was not due to a defect in that tire. However, plaintiff Marvin C. Hall's testimony and evidence was that he had purchased a 12-ply tire, and that the tire offered in evidence as an exhibit was not the tire

which blew out on his truck. After giving the defendant ample opportunity to adjust the blowout and the issue as to whether or not the defendant had tested the tire which blew out, which was in two pieces according to plaintiffs' testimony, and whether or not an 8-ply (12-ply rated) tire is the same as the 12-ply tire purchased, all of these conflicting facts certainly presented a question for the jury to determine whether or not the defendant had acted in bad faith in this transaction. See *Buffalo Cab Co. v. Williams,* 126 Ga. App. 522 (191 SE2d 317); *Beaudry Ford, Inc. v. Bonds,* 139 Ga. App. 230 (228 SE2d 208); *Harrison v. Ivie,* 143 Ga. App. 856, supra.

4. The expert witness testified as to his examination of a Firestone tire turned over to him that there was no manufacturing defect present in that tire. Plaintiff Marvin C. Hall testified that this exhibit offered in evidence about which the expert testified was not the tire involved in the blowout. Therefore, the trial court did not err in instructing the jury that the burden of proof was upon the defendant to establish by a preponderance of the evidence that its exhibit (about which the expert was offering testimony) was in fact "the same tire that was on the vehicle at the time of the incident." The trial court further charged that if the jury should find that the defendant failed to prove this fact by a preponderance of the evidence, that is, that it was the tire that was on the plaintiffs' vehicle at the time of the incident, "then I charge you that you should disregard the entire testimony of . . . [the expert] . . ." Defendant contends that the burden of proof was upon the plaintiffs to prove that it was not the tire. However, the chain of possession of the tire allegedly returned to the defendant for adjustment and the fact that the plaintiffs had purchased a "12-ply" tire whereas the expert was testifying in regard to an 8-ply tire (12-ply rated) was sufficient to require the burden of proof to be upon the defendant to prove that its expert testimony was in regard to the tire involved in the incident. We find no merit in this complaint.

5. Error is next enumerated to the refusal to charge a written request of the defendant that the mere fact of a tire blowout does not demonstrate manufacturer's negligence, nor tend to establish that the tire was

defective since blowouts can be attributed to myriad causes, including not only the care with which the tires are maintained, but the conditions of the road over which they are driven and the happenstance striking of damaging objects. This written request was based upon *Firestone Tire &c. Co. v. Jackson Transp. Co.,* 126 Ga. App. 471, 475, supra. However, based on the evidence of the plaintiff Marvin C. Hall, surrounding the circumstances of the blowout, the condition of the road, the fact that he had tested the tire as to the air pressure and other circumstances, the trial court did not err in instructing the jury that "[t]he existence of a manufacturing defect in a product liability case may be inferred from circumstantial evidence." Further, the charge as requested was more favorable to the defendant than the evidence would allow and was argumentative, and the trial court did not err in refusing to give it as requested. See *Firestone Tire &c. Co. v. King,* 145 Ga. App. 840, 842, 846 (8), supra; *Lefkoff v. Sicro,* 189 Ga. 554 (3) (6 SE2d 687). There is no merit in this complaint.

6. There was no evidence to substantiate a charge as to accident as applied to negligence cases inasmuch as this was not a case involving negligence. The trial court did not err in refusing to give a written request as to the definition of "accident" as applied to negligence cases. The case of *Cobb v. Big Apple Supermarket of Columbus, Inc.,* 106 Ga. App. 790 (128 SE2d 536), from which the written request was allegedly taken did not involve a products liability case. There was a total absence of negligence as to the case sub judice; hence this charge would have been misleading to the jury. See *Everett v. Clegg,* 213 Ga. 168, 171 (4) (97 SE2d 689); *Morrow v. Southeastern Stages, Inc.,* 68 Ga. App. 142 (1), 146 (22 SE2d 336); *Bush v. Skelton,* 91 Ga. App. 83 (1) (84 SE2d 835). This charge also would have been argumentative if given as requested.

7. The only evidence presented as to the weight carried by the truck (containing 14 wheels) at any time prior to or at the time of the blowout was that of the plaintiff Marvin C. Hall. This evidence was insufficient to show that the tire in question was overloaded and violative of Code Ann. § 95A-959(a) (Ga. L. 1973, pp. 947, 1096; 1974, p. 1111; 1975, p. 68; since amended in 1978, p.

1965, effective October 15, 1978, and in 1978, pp. 1989, 1990, effective April 5, 1978). The evidence did not authorize the charge that the statute limited the weight on any wheel since there was insufficient evidence to determine what weight was being carried by this wheel. This charge was likewise argumentative in favor of the defendant.

Having found no reversible error in the proceedings in the trial court for any reason assigned, we must affirm the judgment.

*Judgment affirmed. Banke and Underwood, JJ., concur.*

ARGUED SEPTEMBER 24, 1979— DECIDED OCTOBER 17, 1979 — REHEARING DENIED NOVEMBER 27, 1979.

*Harold S. White, Jr.,* for appellant.
*George T. Brown, Jr.,* for appellees.