68724. U-HAUL COMPANY OF WESTERN GEORGIA v. FORD.

Deen, Presiding Judge.

Linda Ford brought an action against U-Haul Company of Western Georgia (U-Haul) for damages for pain and suffering which she contends she sustained after she was injured when her automobile was struck in the rear by a vehicle driven by one of U-Haul's employees. U-Haul appeals from a judgment entered on a jury verdict awarding Mrs. Ford $20,000 in damages and $1,000 in attorney fees.

1. U-Haul asserts as error the trial court's denial of its motion in limine and its admitting evidence that U-Haul carried liability insurance. After reviewing the transcript, we find there was no evidence presented that U-Haul carried liability insurance. The only mention of insurance was made by plaintiff, who testified that her no-fault carrier had paid her medical bills and some of her lost wages. In connection with Mrs. Ford's claim for expenses of litigation, she presented evidence that her claims for property damages and personal injuries were handled in U-Haul's behalf by Republic Claims Service (Republic) and Kerns Investigation and Adjustment Company. In support of her claim under OCGA § 13-6-11 (Code Ann. § 20-1404), Mrs. Ford was entitled to show that U-Haul had no defense on the issue of liability for property damage; yet the company refused to discuss the claim for damages to her automobile. The claim was acknowledged only after she hired an attorney. The company then sent a check directly to her, although it knew she was represented by counsel. The check contained a waiver of all her claims above the space where it was to be endorsed. Mrs. Ford's attorney had to contact Republic to have the waiver changed. The claims manager made no response to the attorney's numerous inquiries about her claim for pain and suffering.

Mrs. Ford was entitled to show that all of these actions were taken on U-Haul's behalf by its designated agent and representative, Republic Claims Service. The fact that a defendant has liability insurance or is otherwise indemnified against loss cannot be shown as an independent fact, although it may be shown where it is incident to

the proof of some other fact properly involved in the lawsuit. *Ideal Pool Corp. v. Champion*, 157 Ga. App. 380, 383 (277 SE2d 753) (1981); *Goldstein v. Johnson*, 64 Ga. App. 31, 35 (12 SE2d 92) (1940). " 'A party to a lawsuit has the right to bring forth all relevant, material and competent facts. Although such . . . facts include the suggestion that one party carries insurance, the rule is not changed. Error arises only when a party intentionally brings before the jury on an immaterial or irrelevant matter the fact that the opposite party carries insurance.' " *Wade v. Drinkard*, 76 Ga. App. 159, 165 (45 SE2d 231) (1947). There was no direct evidence that the defendant carried liability insurance. Even if the existence of insurance can be inferred, there was no error, as such evidence was relevant to plaintiff's claim for expenses of litigation.

2. U-Haul next contends it was error to deny the motion in limine and allow into evidence matters relating to negotiations and offers of compromise and settlement. The evidence shows that when Mrs. Ford called the number provided by U-Haul's driver in order to arrange for repairs to her automobile, she could not get any response from the company. As stated above, it was only after she hired an attorney that she was compensated for her property damage. When her attorney attempted to discuss her other claim, Minningham, Republic's claims manager who was also an attorney, refused to respond to telephone calls or a letter from plaintiff's attorney about her claim. Her attorney finally filed suit. All of this evidence was properly admitted to show U-Haul acted in bad faith, or was stubbornly litigious, or put the plaintiff to unnecessary trouble or expense. This evidence showed either the plaintiff's or her attorney's attempt to get Republic to respond to her claim and did not show "negotiations and offers of compromise or settlement." Propositions made with a view to compromise are not proper evidence, OCGA § 24-3-37 (Code Ann. § 38-408). If it is relevant to show some other issue in a case, however, a party may show that a demand for settlement was made, and the fact the other party refused to comply, without going into specific details of the demand. *Sasser v. Sasser*, 73 Ga. 275, 276 (6) (1884). See also *City of Columbus v. Howard*, 6 Ga. 213 (1849). As plaintiff's evidence was limited to her claim under OCGA § 13-6-11 (Code Ann. § 20-1404), we find no error.

3. In its third enumeration of error, U-Haul contends that the trial court erred in excluding from evidence a letter from Mrs. Ford's attorney to Minningham. The letter explained the claim for pain and suffering and contained an offer of settlement. It did not contain any admissions against interest. The court excluded the letter because it contained the attorney's opinion that the claim had a value of $20,000 and an offer to settle for $17,500. Appellant does not contend that he was in any way harmed by the exclusion of the letter, and we find it

was properly excluded under OCGA § 24-3-37 (Code Ann. § 38-408). See also *Brooks v. Fincher*, 150 Ga. App. 201, 205 (257 SE2d 326) (1979); *Butts County v. Hixon*, 135 Ga. 26 (3) (68 SE 786) (1910).

4. The trial court did not err in denying defendant's motion in limine and permitting Mrs. Ford to submit evidence in support of her claim for expenses of litigation.

Contrary to U-Haul's contention, the claim was authorized under OCGA § 13-6-11 (Code Ann. § 20-1404) and is not based on U-Haul's failure to pay a specific sum in settlement. The basis for the claim was U-Haul's refusal to return telephone calls or respond to a letter from plaintiff's attorney, and sending a check for property damages that would have extinguished Mrs. Ford's remaining claim for injuries.

Expenses of litigation are recoverable under OCGA § 13-6-11 in both tort and contract actions. *Jones v. Spindel*, 122 Ga. App. 390, 391 (177 SE2d 187) (1970). The plaintiff need not show that all three provisions of the statute are present, but only that one of the three conditions exists. *Thomas v. Dumas*, 207 Ga. 161, 162 (4) (60 SE2d 356) (1950); *Employers Liability Assurance Corp. v. Sheftall*, 97 Ga. App. 398 (5) (103 SE2d 143) (1958). The factual situation in the instant case is very similar to that in *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522 (191 SE2d 317) (1972), wherein the plaintiff's automobile was damaged by the defendant's cab and the defendant ignored her repeated requests to repair it. The court stated that it deplored the "so sue me" attitude of such defendants, who have no valid reason for refusing to pay a claim, and held that the recovery of attorney fees was authorized. We find no error in the court's ruling. See also *Harrison v. Ivie*, 143 Ga. App. 856 (240 SE2d 224) (1977).

5. For the reasons set forth in Division 4 above, it was not error to deny appellant's motion for a directed verdict. Evidence of reasonable attorney fees was presented by one of the plaintiff's attorneys, who testified that it was customary and reasonable in the Atlanta area for an attorney to work on a one-third contingency fee arrangement in this type of case. A contingent fee may or may not be reasonable, and expert testimony on that issue must be presented. *Old Equity Life Ins. Co. v. Barnard*, 120 Ga. App. 596 (171 SE2d 636) (1969). Here, the plaintiff presented expert testimony that a fee equalling one-third of her recovery would be reasonable, and we find the testimony adequate under *State Farm Mut. Auto. Ins. Co. v. Smoot*, 381 F2d 331 (5th Cir. 1967). See also *Dodd v. Newton*, 122 Ga. App. 720, 721 (178 SE2d 567) (1970). Whether a plaintiff is entitled to recover the expenses of litigation is a jury question. *Pritchett v. Rainey*, 131 Ga. App. 521, 522 (206 SE2d 726) (1974).

6. Appellant contends that the court erred in failing to give its entire request to charge on damages, which tracks the language of

OCGA § 51-12-4 (Code Ann. § 105-2001). In giving the charge the court omitted the words "or the mitigating circumstances are strong" from the sentence which reads "If an injury is small or the mitigating circumstances are strong, nominal damages only are given." Appellant argues the mitigating circumstances were strong because there was evidence to show that it was dark and raining the evening of the accident, the streets were wet, U-Haul's truck was loaded with equipment with a trailer in tow, and a sudden action by a third-party created the emergency. Plaintiff's evidence, however, showed that the driver admitted liability at the scene of the accident and entered a guilty plea in traffic court to charges of following too closely, failure to maintain control, and causing an accident. Mrs. Ford's evidence further showed that she incurred medical bills of $1,374 and lost wages of $1,364.

We fail to see how the facts cited by appellant constitute mitigating circumstances. "Mitigating circumstances" are defined as "such as do not constitute a justification or excuse of the offense in question, but which, in fairness and mercy, may be considered as extenuating or reducing the degree of moral culpability." Black's Law Dictionary (4th ed. 1968), 1153. U-Haul's driver was responsible for exercising ordinary care and taking weather conditions and the load of his vehicle into consideration while proceeding at an appropriate speed. OCGA § 40-6-180 (Code Ann. § 68A-801). While following another vehicle, a driver is required to keep a proper lookout, "having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." OCGA § 40-6-49 (Code Ann. § 68A-310). We find no error in the trial court's charge.

7. In its remaining enumerations of error, appellant claims that the court erred in charging that the expenses of litigation could be awarded, and in charging the measure of such damages. As these issues have already been addressed in Division 5 above, they will not be reconsidered.

8. Appellee's motion for ten percent damages for a frivolous appeal is denied.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED JULY 12, 1984 —
REHEARING DENIED JULY 24, 1984 — 

*George H. Connell, Jr., Christopher E. Penna*, for appellant.
*H. Sanders Carter, Jr., Thomas J. Cullen*, for appellee.