## 77066. COMPUTER COMMUNICATIONS SPECIALISTS, INC. v. HALL.
### (373 SE2d 630)

Banke, Presiding Judge.

Hall sued Computer Communications Specialists, Inc. (CCS) to recover $184,201 in commissions which he had allegedly earned while employed as a salesman for CCS. Additionally, he sought to recover punitive damages and attorney fees based on alleged misconduct by CCS in connection with the termination of his employment. CCS, in turn, counterclaimed to recover $5,769 in alleged overpayments made to Hall. The trial court directed a verdict against Hall on his punitive damage claim, and a jury awarded him $68,681 on his remaining claims. CCS filed this appeal from the denial of its motion for new trial.

CCS was in the business of selling custom-designed computer equipment and programming. Hall was hired as a salesman for the company in October of 1983 and subsequently signed several written agreements governing his right to compensation, including commissions. Each of these written agreements specified that he would be credited with the commission earned on a sale on the date the sale was invoiced and that "[u]nder no circumstances [would] commissions be paid on invoices issued after the date of termination" of his employment. Hall contends that he was nevertheless entitled to commissions on certain sales which were not invoiced until after he was terminated, based on certain oral representations allegedly made to him by company officials to the effect that sales made by him would be invoiced within 90 days from the date they were made. CCS contends that it never made any such representations to Hall and that, due to the amount of time needed to prepare specifications and develop programming after an order was placed, it would have been impossible to meet such a deadline.

When Hall's employment was terminated in October of 1985, he took the position that CCS owed him unpaid commissions, and CCS took the position that it had paid him commissions which he had not earned. Ultimately, CCS offered to pay Hall $50,000 in settlement of the parties' mutual claims, provided he would agree in writing not to

compete against the company or to disclose certain trade secrets and confidential information to which he had been privy during tenure with the company. Hall refused to sign such an agreement and instituted the present action. The jury's award of damages to him in the amount of $68,681 evidently was derived by taking CCS's $50,000 settlement offer, reducing it by the $5,769 in alleged overpayments claimed by the company, and adding $24,450, which was the amount of attorney fees claimed by Hall. *Held*:

1. CCS contends that the trial court erred in admitting evidence concerning the settlement offer which it made to Hall subsequent to the termination of his employment. The company filed a motion in limine seeking to exclude all such evidence prior to trial and also objected during the trial when such evidence was offered by Hall.

Pursuant to OCGA § 24-3-37, "admissions or propositions made with a view to a compromise are not proper evidence." OCGA § 24-3-37. The purpose of this Code section is "to encourage settlements and protect parties who freely engage in negotiations directed toward resolution of lawsuits." *Graves v. Graves*, 252 Ga. 27, 28 (310 SE2d 901) (1984). It has been held applicable, however, only to "admissions . . . which are made as a concession to bring about a compromise or settlement" and not to "independent statements of fact by a party, even though made while the parties are trying to settle. . . ." *Austin v. Long*, 5 Ga. App. 551 (63 SE 640) (1909). Accord *Teasley v. Bradley*, 110 Ga. 497 (6) (35 SE 782) (1900); *Campbell v. Mut. Svc. Corp.*, 152 Ga. App. 493 (2) (263 SE2d 202) (1979); *Allen v. Brackett*, 165 Ga. App. 415 (1) (301 SE2d 486) (1983).

Quite clearly, the purpose of the offer made by CCS in the present case was to settle its commission dispute with Hall while simultaneously securing his agreement not to compete against the company or disclose confidential information concerning its operations. There was no evidence that the company's management ever said or did anything during these negotiations which could be construed as an independent admission of fact supporting the validity of Hall's commission claim. Indeed, Hall concedes in his brief on appeal that CCS "never acknowledged that it owed [him] any commissions whatsoever." Under such circumstances, the evidence concerning the settlement negotiations between the parties and the offers made by the company during those negotiations was inadmissible, and the trial court erred in allowing it.

We reject Hall's contention that CCS waived its objection to the admissibility of this evidence by itself introducing certain evidence regarding the settlement negotiations. It is evident that the evidence in question was offered by CCS solely for the purpose of mitigating the damage done by the evidence already introduced by Hall on the issue. Under such circumstances, the objection was not waived. See

*Collins v. Davis*, 186 Ga. App. 192, 193 (366 SE2d 844) (1988).

2. In its second enumeration of error, CCS contends that the trial court "erroneously submitted the terms of an unambiguous contract to the jury for construction." Central to Hall's claim for commissions was his contention, supported solely by his own testimony, that CCS officials had promised him his sales would be invoiced within 90 days. In the present enumeration of error, CCS apparently contends either that Hall's testimony in this regard should have been excluded as parol evidence purporting to vary the terms of the written contracts, or that the trial court should have directed a verdict in its favor on Hall's commission claim notwithstanding such parole evidence. However, as no references whatsoever are made to the transcript in connection with this enumeration of error, it is not possible to determine what ruling of the trial court, if any, is actually complained of in this regard. Consequently, this enumeration of error presents nothing for review. See generally Court of Appeals Rule 15 (c) (3). Accord OCGA § 5-6-48 (f).

3. CCS contends that the trial court erred in denying its motion for directed verdict on Hall's claim for attorney fees. We agree. In order to recover attorney fees as expenses of litigation pursuant to OCGA § 13-6-11, the plaintiff must show that the defendant acted in bad faith, was stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. It is well settled that the "bad faith" contemplated by this Code section is bad faith connected with "the transaction and dealings out of which the cause of action arose," rather than bad faith in defending or resisting the claim after the cause of action has already arisen. See *Brooks v. Steele*, 139 Ga. App. 496, 498 (2) (229 SE2d 3) (1976), quoting *Traders' Ins. Co. of Chicago v. Mann*, 118 Ga. 381, 385 (45 SE 426) (1903).

Hall contends that CCS acted in bad faith by offering to pay him $50,000 to sign the non-competition agreement after his employment was terminated and thereby attempting to deprive him of a livelihood at a time when he was financially vulnerable. CCS sought to explain its actions in this regard by introducing evidence that, upon being terminated, Hall had threatened to use to the company's detriment the information concerning its customers and operations which he had acquired during the course of his employment; and Hall did not deny having made such a threat. It is quite clear from this and other evidence in the case that the company's attempt to secure Hall's signature on the non-competition agreement was totally unconnected with the dealings and events giving rise to the commission claim; and we cannot, in any event, conceive of a circumstance in which a defendant would incur liability to a plaintiff for attorney fees simply by offering to settle a disputed claim on terms which the plaintiff found unsatisfactory and refused to accept. We accordingly hold that the

trial court erred in refusing to direct a verdict in favor of CCS on its claim for attorney fees.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED SEPTEMBER 23, 1988.

*Michael Weinstock, Stephen M. Katz*, for appellant.
*Richard P. Decker, Adrian F. Lanser III*, for appellee.