A90A1397. BROWN v. BAKER.
(398 SE2d 797)

CARLEY, Chief Judge.

Appellee-plaintiff filed the instant tort action, seeking to recover property damages incurred in a vehicular collision and, in addition, his expenses of litigation pursuant to OCGA § 13-6-11. Appellant-defendant answered, denying the material allegations of the complaint and asserting, among her other defenses, that the proximate cause of the collision was appellee's negligence. Discovery subsequently established that appellee's OCGA § 13-6-11 claim was based solely upon his contention that appellant's liability insurer had "arbitrarily and capriciously refused to make a good faith effort to settle [appellee's] claim and made unreasonably low offers of settlement . . . in an at-

tempt to force [appellee] to settle his claim for less than the true value thereof. . . ." Based upon this and other discovery, appellant moved for partial summary judgment as to appellee's OCGA § 13-6-11 claim. The trial court denied appellant's motion, but certified its order for immediate review. Appellant applied for an interlocutory appeal and that application was granted in order that we might clarify the issue of when expenses of litigation pursuant to OCGA § 13-6-11 are recoverable in a tort action.

1. The instant case does not concern the liability of an insurer for penalties and damages under OCGA § 33-34-6. It concerns the liability of an alleged tortfeasor for expenses of litigation under OCGA § 13-6-11. Accordingly, appellee's reliance on *Downer v. Ga. Farm &c. Ins. Co.*, 176 Ga. App. 641 (337 SE2d 422) (1985) is misplaced. See generally *New York Life Ins. Co. v. Bradford*, 57 Ga. App. 657, 663 (2) (196 SE 92) (1938).

2. Contrary to appellee's contentions, OCGA § 13-6-11 does not create an independent cause of action. That statute merely establishes the circumstances in which a plaintiff may recover the expenses of litigation as an additional element of his damages. See generally *Citibank (S.D.) N.A. v. Knowles*, 168 Ga. App. 664 (310 SE2d 18) (1983).

3. "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith in making the contract, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." OCGA § 13-6-11. "For the plaintiff to recover [he] need only show any one of the three conditions to exist. [Cit.]" *Jackson v. Brinegar, Inc.*, 165 Ga. App. 432, 436 (2) (301 SE2d 493) (1983).

The evidence of record in the instant case clearly pierces the pleadings insofar as appellee's recovery under OCGA § 13-6-11 may be predicated upon appellant's "bad faith." Appellee seeks a recovery under OCGA § 13-6-11 based solely on events which occurred *after* the vehicular collision wherein his property was damaged. However, "[i]t is well settled that the 'bad faith' contemplated by [OCGA § 13-6-11] is bad faith connected with 'the transaction and dealings out of which the cause of action arose,' rather than bad faith in defending or resisting the claim after the cause of action has already arisen. [Cits.]" *Computer Communications Specialists v. Hall*, 188 Ga. App. 545, 547 (3) (373 SE2d 630) (1988). "The bad faith referred to [in OCGA § 13-6-11], in actions sounding in tort, means bad faith in the transaction out of which the cause of action arose. [Cit.]" *Atlanta Journal Co. v. Doyal*, 82 Ga. App. 321, 336 (5) (60 SE2d 802) (1950). See also *Grant v. Hart*, 197 Ga. 662, 672 (2) (30 SE2d 271) (1944). The "transaction and dealings" which form the basis of appellant's

tort claim is the occurrence of a vehicular collision and it is undisputed that there was no "bad faith" on appellant's part in connection with that collision. Compare *Tanner v. Gilleland*, 186 Ga. App. 377, 378 (3) (367 SE2d 257) (1988).

Appellee's reliance on *U-Haul Co. of Western Ga. v. Ford*, 171 Ga. App. 744 (320 SE2d 868) (1984) is misplaced. That case does hold that certain evidence regarding post-collision events "was properly admitted to show [the defendant] acted in bad faith, *or* was stubbornly litigious *or* put the plaintiff to unnecessary trouble or expense." (Emphasis supplied.) *U-Haul Co. of Western Ga. v. Ford*, supra at 745 (2). However, this statement was made in the context of addressing an *evidentiary* ruling and clearly stands only for the proposition that the evidence was otherwise generally admissible with regard to the plaintiff's OCGA § 13-6-11 claim rather than for the proposition that such evidence would support the plaintiff's recovery of expenses of litigation under the *specific* "bad faith" provision of OCGA § 13-6-11. The issue of the actual legal basis which authorized the plaintiff's recovery under OCGA § 13-6-11 was addressed in an entirely separate division of the opinion: "The factual situation in the instant case is very similar to that in *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522 (191 SE2d 317) (1972). . . ." *U-Haul of Western Ga. v. Ford*, supra at 746 (4). By this citation to *Buffalo Cab Co.*, it is clear that the specific provision of OCGA § 13-6-11 pursuant to which the plaintiff was authorized to recover expenses of litigation was not the defendant's "bad faith," but the defendant's having caused the plaintiff "unnecessary trouble and expense." *Buffalo Cab Co.*, supra at 524 holds that "[t]he key to the test is 'bona fide controversy.' Where none exists, then forcing a plaintiff to resort to the courts in order to collect is plainly causing him 'unnecessary trouble and expense.' " Accordingly, *U-Haul Co. of Western Ga.*, like *Buffalo Cab Co.*, is merely a decision which holds that certain evidence of the defendant's so-called "bad faith" occurring after a cause of action in tort arises may be *admissible* to demonstrate that he caused the plaintiff unnecessary trouble and expense. However, neither *U-Haul of Western Ga.* nor *Buffalo Cab Co.* holds that such evidence will *support* a plaintiff's recovery of the expenses of litigation under the specific "bad faith" provision of OCGA § 13-6-11.

4. "When bad faith is not an issue and the only asserted basis for a recovery of attorney['s] fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, there is not 'any evidence' to support an award pursuant to OCGA § 13-6-11 ([cit.]) if a bona fide controversy clearly exists between the parties. [Cits.] Thus, in a case where bad faith is not an issue, attorney['s] fees are not authorized under OCGA § 13-6-11 ([cit.]) if the evidence shows that 'a genuine dispute exists — whether of law or fact, on liability or

amount of damages, or on any comparable issue. Where (no such genuine dispute) is found, . . . the jury (would be authorized) to award the expenses of litigation.' [Cit.]" *Dimambro Northend Assoc. v. Williams*, 169 Ga. App. 219, 224-225 (6) (312 SE2d 386) (1983).

The evidence of record in the instant case clearly demonstrates that a bona fide controversy does exist as to whether the collision was caused by the negligence of appellant or the negligence of appellee or the negligence of both. "It is the general law of this state that questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly issues for jury resolution, and a court should not remove the issue[s] from the jury except in plain and indisputable cases. [Cit.]" *Campbell v. Forsyth*, 187 Ga. App. 352, 355 (1) (370 SE2d 207) (1988). Accordingly, a genuine dispute does exist in the instant case as to both liability and damages and those cases wherein no such genuine dispute did exist, such as *U-Haul Co. of Western Ga. v. Ford*, supra, and *Buffalo Cab Co. v. Williams*, supra, are, therefore, distinguishable.

5. Moreover, the evidence in *U-Haul Co. of Western Ga. v. Ford*, supra, and *Buffalo Cab Co. v. Williams*, supra, not only demonstrated the absence of a bona fide controversy, but also showed an utter refusal on the part of the defendant to resolve the matter without resort to litigation. "The court [in both cases] stated that it deplored the 'so sue me' attitude of such defendants, who have no valid reason for refusing to pay a claim, and held that the recovery of attorney['s] fees was authorized." *U-Haul of Western Ga. v. Ford*, supra at 746 (4).

In the instant case, appellant did not exhibit a comparable post-collision-pre-litigation attitude of "so sue me" without having a valid reason for questioning appellee's claim. To the contrary, the evidence in the instant case not only demonstrates the existence of a bona fide controversy as to liability and damages, but also shows a willingness on the part of appellant to resolve the matter without resort to litigation. Offers of settlement were extended to appellee which were rejected because they were, in his opinion, too low. A recovery of expenses of litigation is not authorized under OCGA § 13-6-11 based solely on the defendant's "failure to pay a specific sum in settlement [of a disputed claim for damages]." *U-Haul of Western Ga. v. Ford*, supra at 746 (4). "[W]e cannot . . . conceive of a circumstance in which a defendant would incur liability to a plaintiff for attorney['s] fees simply by offering to settle a disputed claim on terms which the plaintiff found unsatisfactory and refused to accept." *Computer Communications Specialists v. Hall*, supra at 547 (3). "Where there is a bona fide controversy for the tribunals to settle, and the parties cannot adjust it amicably, there should be no burdening of one with the counsel fees of the other, unless there has been wanton or excessive indulgence in litigation." *Tift v. Towns*, 63 Ga. 237, 242 (3) (1879).

6. Construing the evidence of record most favorably for appellee, "there is no genuine issue of material fact as to whether any of the criteria of OCGA § 13-6-11 ([cit.]) are applicable to [appellant], and the [trial] court erred by failing to grant summary judgment to [appellant] on this issue." *City of Marietta v. Holland*, 252 Ga. 299, 304 (3) (314 SE2d 97) (1984).

*Judgment reversed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED NOVEMBER 5, 1990.

*Watson, Spence, Lowe & Chambless, Stephen S. Goss*, for appellant.

*Varnell & Varnell, Howard J. Stiller*, for appellee.