A91A1455. EASTERN FOODS, INC. v. FORMAN.
(415 SE2d 1)

BEASLEY, Judge.

Forman sued Eastern Foods, Inc., seeking damages for the alleged breach of an employment agreement. Partial summary judgment was awarded to defendant for wrongful termination and entitlement to one year's salary, a bonus and a stock option. The case was tried on the remaining claim that plaintiff was contractually entitled to partial reimbursement for loss sustained in selling a home, necessitated by relocation to accept employment with defendant. Defendant won a directed verdict, and plaintiff appealed that ruling as well as the prior grant of partial summary judgment.

*Forman v. Eastern Foods,* 195 Ga. App. 332 (393 SE2d 695) (1990), reversed the directed verdict, finding sufficient evidence of an agreement requiring defendant to reimburse plaintiff for a portion of the loss on the house sale. The partial summary judgment was affirmed as to all but the bonus claim.

Upon retrial of the case on the two remaining claims (bonus and home sale loss), the jury verdict awarded plaintiff the lump sum of $40,232.33 "which includes attorney fees." The judgment is for this amount plus costs. Defendant appeals from the denial of its motion for new trial.

1. Because there is reversible and controlling error with respect to

attorney fees, we address that issue first.

Defendant contends that the award of attorney fees was not authorized. At the conclusion of the plaintiff's evidence, his counsel offered evidence concerning the legal fees generated by his law firm in prosecuting the claim. No objection was made, but defendant's counsel later moved for a directed verdict at the conclusion of the case, for the stated reason that "where there is a bona fide controversy in a contract action . . . attorney fees . . . are not authorized. . . ." Although immediate objection would have eliminated the evidence before it was unnecessarily presented to the jury, the motion for directed verdict adequately preserved the issue for our consideration.

"Expenses of litigation, including attorney fees, are generally not allowed as a part of the damages, but where plaintiff has specially pleaded and made a prayer that the defendant 'has acted in bad faith . . . has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.' OCGA § 13-6-11." *Spivey v. Rogers*, 173 Ga. App. 233, 240 (5) (326 SE2d 227) (1984). Where no bona fide controversy exists, "forcing a plaintiff to resort to the courts in order to collect is plainly causing him to go to 'unnecessary trouble and expense.' [Cit.]" *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458, 460 (2) (278 SE2d 33) (1981).

Clearly a bona fide controversy existed between the parties prior to the first appeal of this case as is evidenced by our first decision and particularly that portion upholding summary judgment in part in favor of defendant. Accordingly, plaintiff was not entitled to recover attorney fees for legal expenses incurred in prosecuting his claim to that point. Although plaintiff correctly states that there was no valid defense to his claim for loss reimbursement on the house sale, we cannot conclude as a matter of law that there was no bona fide controversy with respect to the bonus claim. The evidence was disputed regarding whether the parties had reached an agreement for such compensation and, if there was such an agreement, what its terms were. The award of attorney fees was not authorized by OCGA § 13-6-11.

Under the lump sum awarded, it is impossible to determine with certainty what amount the jury found for attorney fees. If the amount of attorney fees was "clearly ascertainable and severable from the total amount of the verdict," *Mock v. Wrigley*, 178 Ga. App. 660, 661 (344 SE2d 482) (1986), then the amount could be written off and the judgment could be affirmed on condition that it be done. *Spivey v. Rogers*, supra.

2. Where a new trial must be granted because an unauthorized item of damages is not "definitely ascertainable" by the appellate court, "it is unnecessary to discuss the other [enumerations] of error." *Avery & Co. v. Middlebrooks*, 20 Ga. App. 724, 725 (93 SE 227)

(1917). Consequently, we do not reach the enumerations regarding the sufficiency of the evidence of contract and the admissibility of certain evidence. See *Hardin v. Reynolds*, 189 Ga. 589, 592 (2) (6 SE2d 913) (1940).

*Judgment reversed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED DECEMBER 5, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991.

*Fine & Block, Gary M. Goldsmith,* for appellant.
*James L. Ford, David C. Cole,* for appellee.