A94A0803. WEBSTER v. BROWN.
(446 SE2d 522)

BEASLEY, Presiding Judge.

Plaintiff Webster appeals from a judgment on a jury verdict in her favor in an action arising from an auto collision that occurred when Brown turned left in front of the vehicle carrying Webster as a passenger. Webster suffered neck and back injuries and incurred medical expenses, for which she sought damages against Brown.

1. The jury awarded Webster $10,500, which was reduced in the judgment to $8,000 to reflect personal injury protection payments already received. Webster filed a direct appeal. OCGA § 5-6-35 (a) (6) requires that appeals from damage cases in which the judgment is $10,000 or less be by application. Nonetheless, jurisdiction is proper

under OCGA § 5-6-34 (a) (1) because "[i]n a tort action, set-offs to the judgment that arise from some collateral source . . . do not help to ascertain the price tag for the injury involved in the action. Therefore, such set-offs should not be considered when deciding whether an application for appeal is necessary." *Bales v. Shelton*, 260 Ga. 335, 336 (391 SE2d 394) (1990); see also *Lee v. Britt*, 260 Ga. 757 (400 SE2d 5) (1991). It is the factfinder's assessment of the amount that counts. See *Brown v. Assoc. Fin. Svcs. Corp.*, 255 Ga. 457 (339 SE2d 590) (1986).

2. Webster first enumerates as error the trial court's refusal to allow her evidence of litigation expenses and to submit the issue of litigation expenses to the jury. Webster specially pleaded these damages as required by OCGA § 13-6-11, which establishes when such expenses can be awarded. *Dept. of Transp. v. Fru-Con Constr. Corp.*, 206 Ga. App. 821, 826 (5) (426 SE2d 905) (1992).

Webster attempted to call her attorney to testify about litigation expenses incurred and Brown asked that the jury be excused. A discussion between counsel and the court ensued as to the propriety of attorney testimony and whether litigation expenses could be recovered. The court ruled that there was a bona fide controversy as to both liability and damages and that Webster could not present evidence of litigation expenses. The court stated that if one of Webster's attorneys testified, that attorney would be precluded from further involvement in the case, a course Webster was apparently prepared to follow.

As a general matter, determination of whether litigation expenses are to be allowed as a portion of damages is a matter for the jury. OCGA § 13-6-11; *Spring Lake Property Owners Assn. v. Peacock*, 260 Ga. 80, 81 (390 SE2d 31) (1990). It is a question of fact whether a defendant has acted in bad faith or has been stubbornly litigious or caused unnecessary litigation and expense where there was no bona fide controversy. *Deloitte, Haskins & Sells v. Green*, 198 Ga. App. 849, 853 (4) (403 SE2d 818) (1991). Likewise, it is "for the jury to determine whether there was a bona fide controversy," *McDevitt & Street Co. v. K-C Air &c.*, 203 Ga. App. 640, 645 (5) (418 SE2d 87) (1992), unless the facts preclude such a finding as a matter of law.

Webster does not assert that the facts of this case support a claim based on the "bad faith" provision of OCGA § 13-6-11. Brown's contention that there was a bona fide controversy as to liability does operate as a defense to a claim on the remaining grounds under the Code section. See *Powell v. Watson*, 190 Ga. App. 375 (378 SE2d 867) (1989). Webster would argue to the jury that Brown had been stubbornly litigious and caused her unnecessary trouble and expense because he had originally admitted fault and then fabricated a defense. The law is that "[w]here no bona fide controversy exists, 'forcing a

plaintiff to resort to the courts in order to collect is plainly causing him to go to "unnecessary trouble and expense." (Cit.)' [Cit.]" *Eastern Foods v. Forman*, 202 Ga. App. 347, 348 (1) (415 SE2d 1) (1991).

Both Webster and the driver of the car in which Webster was riding testified that Brown admitted at the scene that he was not looking and that the collision was his fault. Brown also pled guilty to the charge of improper left turn. At this trial, Brown testified that the collision did not involve fault on his part, denied that he had admitted fault at the scene, and stated that he pled guilty to the traffic charge to end the matter. Although relevant evidence of negligence, the guilty plea did not establish as a matter of law that Brown caused the collision, for the purposes of this suit. *Peacock v. Strickland*, 198 Ga. App. 406, 407 (1) (401 SE2d 601) (1991). It is true that this evidence as to liability was successfully rebutted, but it was not so shallow as to demonstrate an absence of a bona fide controversy on this aspect of the case. The evidence would not have supported a finding that there was no bona fide controversy as to liability.

Webster argues that this evidence shows there was no bona fide controversy as to liability and points to *Beaudry Ford v. Bonds*, 139 Ga. App. 230 (228 SE2d 208) (1976), for the proposition that if a legitimate dispute exists as to damages, but not as to liability, an award of litigation expenses will be justified. The case is inapposite. The evidence here showed a genuine dispute as to liability, even though there were issues of credibility. In *Beaudry Ford*, the defendant presented no evidence contesting liability but only evidence of damages less than those claimed by the plaintiff. In such circumstances of obstinacy regarding liability, litigation expenses are properly awarded. *Southern R. Co. v. Crowe*, 186 Ga. App. 244 (366 SE2d 846) (1988).

It also appears that there was a bona fide controversy as to damages. During the discussion of whether evidence of litigation expenses would be presented and whether any bona fide controversy existed, Webster admitted that Brown made settlement offers of $17,500 and $15,000 during the year prior to trial and had kept the offers open. Webster rejected these amounts and offered to settle for $30,000. The jury's verdict was for $10,500. The fact that Brown had offered to compromise was properly considered on the question of whether litigation expenses were appropriate. *Brown v. Baker*, 197 Ga. App. 466, 469 (5) (398 SE2d 797) (1990); *U-Haul Co. of Western Ga. v. Ford*, 171 Ga. App. 744, 745 (2) (320 SE2d 868) (1984). An offer to compromise does not establish liability such that Webster would be entitled to recover for being forced to litigate to prove liability, even were there any suggestion that the offer included an admission of liability. See generally OCGA § 24-3-37; *Central Nat. Ins. Co. of Omaha v. Dixon*, 188 Ga. App. 680, 682-683 (4) (373 SE2d 849) (1988). Under the circumstances, Webster clearly did not pursue litigation because

she was forced to resort to the courts to collect her damages, but rather chose to go to trial in the hope of getting more than the offered amount, which was proven to be not only reasonable but higher than the damages found in fact. Thus, there is no evidence from which a jury could conclude that Brown had caused Webster unnecessary expense or had been stubbornly litigious.

3. Webster also asserts that the court erred in admitting evidence that she was a member of a health maintenance organization ("HMO"), a form of medical insurance. Webster had not made a reference to an HMO in her trial testimony, and any reference she made to it in a deposition is irrelevant because neither the deposition nor what she said in it was entered into evidence. The reference to insurance arose in the following series of questions during Brown's cross-examination of Webster:

"Q. Now, the day after this accident, I believe you testified that you called the HMO, and you talked to a nurse over there?

"A. Yes, sir.

"Q. What is an HMO?

"A. It's a health center. I called the health center that I go to, that I did belong. (sic)

"Q. You belonged to a HMO?"

At this point, Webster objected that collateral source information had been placed before the jury and a discussion was had outside the jury's presence. The judge overruled the objection and Brown did not repeat any reference to an HMO.

It is error to allow evidence of collateral sources and "[o]ur Courts have adhered to the principle that evidence of collateral sources is inherently prejudicial because its infectious nature tends to contaminate the entire trial. [Cits.]" *Denton v. Con-Way Southern Express*, 261 Ga. 41, 43 (402 SE2d 269) (1991). However, the objection was waived because it was not raised until after several questions about it were asked and answered without objection. *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 604-605 (431 SE2d 383) (1993); *Brown v. State*, 191 Ga. App. 357, 358 (1) (381 SE2d 543) (1989). This is not a case in which objection was made as quickly as possible during a "very fast exchange" of questions and answers; it appears Webster had opportunity to object to the first or second reference to an HMO. Compare *Cross v. State*, 196 Ga. App. 714, 716 (397 SE2d 125) (1990). The purpose of the rule requiring timely objection is to enable the trial court to prevent improper information from reaching the jury. Webster's late objection frustrated this purpose. Moreover, the question objected to was not answered despite the court's ruling.

4. Webster also asserts the court erred in refusing to allow her to testify as to the cost of an MRI. She was asked by her counsel, "What was the bill for the MRI?," and responded "It was $1,000," at which

time Brown objected that the best evidence rule would require the bill itself. OCGA § 24-5-4 (a). Counsel attempted to correct the problem with the following questions, to all of which the plaintiff replied in the negative:

"Q: Mrs. Webster, do you have a copy of the bill for the MRI? . . .

"Q: Do you have a copy with you? . . .

"Q: Mrs. Webster, do you have a receipt for that MRI? The court sustained the objection."

Webster asserts that the best evidence rule has no application because the fact at issue was not the contents of a document but the underlying cost of the procedure. See *Glennville Wood &c. Co. v. Riddlespur*, 156 Ga. App. 578, 581-582 (4) (276 SE2d 248) (1980). However, this contention is belied by the questions themselves; each question referred to a document and sought production of the contents of that document. The best evidence rule was properly invoked. Additionally, Webster's statement that "I had a receipt, I don't have it anymore," does not show the diligence required by OCGA § 24-5-2 to introduce secondary evidence. Compare *Mulkey v. State*, 155 Ga. App. 304, 306 (270 SE2d 816) (1980).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED JULY 1, 1994 —
RECONSIDERATIONS DENIED JULY 13, 1994 —

*Howard, Jones & Heard, James W. Howard*, for appellant.

*Blasingame, Burch, Garrard & Bryant, E. Davison Burch, Stephen E. B. Smith*, for appellee.