A97A0210. HEFFERNAN v. HOME DEPOT U.S.A., INC.
(486 SE2d 51)

BLACKBURN, Judge.

Peter Heffernan appeals from a jury verdict in favor of Home Depot U.S.A., Inc. (Home Depot) in his premises liability action. While Heffernan was a customer at a Home Depot store, a paint sprayer fell from a shelf and injured his shoulder. Heffernan contests the denial of his motion for new trial, the admission of certain evidence, and the trial court's failure to give a requested jury charge. He also argues that the trial court erred in failing to automatically disqualify certain members of the jury panel.

1. Heffernan claims the jury's verdict in favor of Home Depot is contrary to the evidence and strongly against the weight of the evidence. "However, where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence." (Punctuation omitted.) *Bldg. Materials Wholesale v. Reeves,* 209 Ga. App. 361, 364 (2) (433 SE2d 346) (1993).

The evidence in this case indicates that the paint sprayer which injured Heffernan was stored on a recessed shelf five feet and ten inches from the floor. Heffernan, who is six feet tall, had no difficulty seeing or reaching the sprayer, and when he touched the hose on the sprayer, the unit fell from the shelf. Heffernan argues that the sprayer fell because it was improperly assembled by Home Depot, but he was unable to substantiate this position at trial. In addition to his assembly argument, Heffernan argues that the display itself was dangerous.

Home Depot presented testimony that the paint sprayer display had been inspected several times during the week prior to Heffernan's accident, and that daily checks were done to see that displays were safely assembled and items on displays were stable. Signs were posted in the paint sprayer area warning customers to ask for assis-

tance, and there was no evidence that the paint sprayer display had ever caused any accident or raised any safety concerns for Home Depot. Home Depot also presented some evidence that Heffernan failed to exercise ordinary care for his own safety. One Home Depot witness testified that although he asked Heffernan repeatedly if he needed help, Heffernan ignored the witness, and at one point had his foot placed on a beam two feet off the ground as if to climb on the display.

This evidence is sufficient to support a finding that Home Depot exercised ordinary care in keeping its premises safe for invitees. See OCGA § 51-3-1. Given the lack of any previous accidents or safety hazards associated with either the paint sprayer or the display, a jury could find that Home Depot's frequent safety inspections of the display were reasonable under these circumstances. See *Armenise v. Adventist Health System/Sunbelt*, 219 Ga. App. 591, 594 (466 SE2d 58) (1995) (absent a prior accident, premises owner had no reason to conduct a closer inspection than the one actually executed). Home Depot was not obligated to "anticipate the existence of a hazard which [it] had no reason to believe existed or to . . . exercise *extraordinary* care to inspect the premises." (Emphasis supplied.) Id. Because the jury was the judge of credibility and as some evidence supports the jury's decision, we will not reverse on this enumeration.

2. Heffernan argues that the trial court erred in failing to charge the jury as follows, paraphrased from *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546) (1992): "The owner of a premises has an affirmative duty to inspect the premises to discover possible dangerous conditions and to take reasonable precautions to protect invitees from foreseeable danger." However, this requested charge, while not incorrect, is an incomplete statement of the law. As *Barksdale* goes on to state, a landowner is not an insurer of an invitee's safety, and the law only requires the owner to use such diligence toward making his premises safe as an ordinarily prudent person is accustomed to use. Id. at 185.

"In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge." (Punctuation omitted.) *Kelly v. Scheidt*, 209 Ga. App. 357 (433 SE2d 370) (1993). Inasmuch as Heffernan's requested charge was an incomplete statement of the law, the trial court did not err in failing to give this charge.

3. During cross-examination, counsel for Home Depot attempted to impeach Heffernan with his deposition testimony by questioning him regarding a prior criminal offense adjudicated pursuant to the First Offender Act, OCGA § 42-8-60 et seq. Heffernan argues that it was error to admit evidence of the prior crime because of its first

offender disposition, and also argues that this evidence was inadmissible for impeachment purposes because it was not in conflict with any of his other sworn testimony.

Heffernan waived any objection to the admission of this evidence by failing to timely object at trial. When counsel for Home Depot asked about the first offender crime, Heffernan answered without objection. Heffernan then complied when encouraged to explain his answer, and another question was posed and answer given on this topic before Heffernan's counsel objected. See *Webster v. Brown*, 213 Ga. App. 845, 848 (446 SE2d 522) (1994) ("objection was waived because it was not raised until after several questions about it were asked and answered without objection"). "This is not a case in which objection was made as quickly as possible during a 'very fast exchange' of questions and answers; it appears [Heffernan] had opportunity to object to the first or second reference to [the first offender crime]." Id. Having failed to timely object to the evidence, the alleged error was not preserved and Heffernan's arguments on this issue are without merit.

4. Heffernan claims the trial court erred because it failed to automatically disqualify panel members who were shareholders or stockholders of Home Depot U.S.A., Inc. or Home Depot, Inc. This enumeration is not reviewable because the voir dire is not contained in the record. "[T]he burden is on the party alleging error to show it affirmatively by the record. Accordingly, as there is nothing before us to review, we are unable to address this enumeration of error." (Citation and punctuation omitted.) *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 392 (1) (469 SE2d 469) (1996).

The jury's verdict in favor of Home Depot is therefore affirmed.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 28, 1997 —
RECONSIDERATION DENIED APRIL 11, 1997.
Before Judge Brogdon.
*Arthur H. Marateck*, for appellant.
*Goldner, Sommers, Scrudder & Bass, Carroll G. Jester, Jr., Tiffany T. Norman*, for appellee.