A01A0154. LATIMORE v. DEPARTMENT OF TRANSPORTATION.
(552 SE2d 439)

PHIPPS, Judge.

Jessie Latimore filed a negligence suit against Alton Norris and the Georgia Department of Transportation (DOT). He claimed that on September 30, 1996, as he attempted to walk across a street, Norris, a DOT employee, backed a DOT vehicle into him. Norris was subsequently dismissed from the lawsuit, and after a trial, the jury returned a verdict in DOT's favor. Latimore appeals, contending that the trial court erred in admitting impeachment evidence and in responding to a question from the jury. Finding no error, we affirm.

1. Latimore contends that the trial judge erred in admitting impeachment evidence against his treating physician, arguing that

at the time the impeachment attempt was made, the evidence was not probative of any material issue. Control of the nature and scope of cross-examination of a witness is a matter within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion.[1]

After the court qualified him as an expert "in treating traumatic injuries such as traumatic myositis and arthritis," the physician testified as to Latimore's condition, treatment, medical records, and medical expenses. He stated that he had diagnosed Latimore as having traumatic myositis and aggravation to his arthritis. On cross-examination, when DOT asked the physician whether his medical license had ever been suspended or placed on probation, the physician answered that it had not. DOT then sought to impeach him by introducing certified copies of documents related to proceedings before the Composite State Board of Medical Examiners showing that the physician's license had been suspended and placed on probation. Latimore argues that the court had already qualified the physician as an expert without objection from DOT, and thus any issue of whether his license had been suspended or placed on probation was not probative of or material to the issues of the alleged negligence or damages.

While a witness may not be impeached because of a discrepancy as to a wholly immaterial matter, a witness may be impeached on a collateral issue which is indirectly material to the issue in the case.[2] A review of the documents introduced by DOT reveals that each concerned the physician's medical treatment of patients and that one of the documents included assertions that in treating four patients with myositis and/or arthritis, the physician had "failed to perform appropriate testing and evaluation," and "failed to maintain medical records adequate to furnish documentary evidence of the course of the patient's medical evaluation, treatment and response." Here, the impeachment evidence that contradicted the physician's testimony examined weaknesses in the physician's credentials and competency, thus challenging his credibility and opinion as to Latimore's condition and the damages sought, clearly material matters in this case.[3] We conclude that the trial court did not abuse its discretion in admitting the impeachment evidence.

---

[1] *Weaver v. Ross*, 192 Ga. App. 568, 569 (1) (386 SE2d 43) (1989).

[2] *Morris v. State Farm &c. Ins. Co.*, 203 Ga. App. 839, 842 (9) (418 SE2d 119) (1992); *Hudson Properties v. C & S Nat. Bank*, 168 Ga. App. 331, 333 (3) (308 SE2d 708) (1983).

[3] Compare *King v. State*, 273 Ga. 258, 273 (30) (539 SE2d 783) (2000) (questioning defense expert about pending complaint against him for having sex with a patient and his failure for health reasons to appear at hearings on the complaint was improper impeachment, where the complaint bore no relation to the scientific issues about which the expert testified).

2. Latimore contends that the trial judge erred in his response to a question from the jury. During deliberations, the jury returned with the question, "If we can't agree that Mr. Norris was negligent in operating the car, can we find for Mr. Latimore?" The judge replied, "The answer is no. You have to find him negligent in order for Mr. Latimore to recover. That's — that's a requirement. Did that answer your question?" The jury foreperson answered, "Yes, Your Honor."

Latimore asserts that the question evidenced that some jurors thought that Norris was negligent, while others did not. Citing OCGA § 9-10-7,[4] he urges that the court's answer gave the jury the impression that it was required to find against him. He argues that the court's response gave "the distinct impression that the only outcome of not being unanimous on the issue of negligence is that Jessie Latimore will be barred from recovery" and overshadowed the jurors' right to remain in their respective positions, which would have forced the court to declare a mistrial.

But Latimore did not complain at trial about any alleged intimation of opinion by the court; he merely objected to the "exchange between — the Court, the question and the answer." Because he did not state distinctly the grounds for his objection, this alleged error was not preserved for review.[5]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED JULY 3, 2001.

*Clifton Boone*, for appellant.

*Thurbert E. Baker, Attorney General, Allyson G. Krause, Assistant Attorney General*, for appellee.

---

[4] "It is error for any judge, during the progress of any case, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved. Should any judge violate this Code section, the violation shall be held by the Supreme Court or Court of Appeals to be error, the decision in the case shall be reversed, and a new trial shall be granted in the court below with such directions as the Supreme Court or the Court of Appeals may lawfully give."

[5] OCGA § 5-5-24 (a); *Tice v. Cole*, 246 Ga. App. 135, 138 (2) (537 SE2d 713) (2000).