A01A0601. JIBRI v. COOK.
(551 SE2d 808)

POPE, Presiding Judge.

Plaintiff Rashid Abudullah Jibri sued James Timothy Cook for injuries and damages he claimed to have sustained in a vehicular accident. After a trial in Carroll County State Court, the jury returned a defense verdict. Jibri appeals, arguing that two of the court's jury instructions were improper. For the following reasons, we reject Jibri's arguments and affirm.

The accident underlying this lawsuit occurred at the intersection of Parenting and Newnan Roads. Cook, who had been traveling on Parenting Road, stopped at the stop sign at the intersection with Newnan Road. At trial, Cook testified that after stopping he looked to his left and saw a truck traveling on Newnan Road with the right turn signal operating. This truck was driven by plaintiff Jibri. Cook testified that Jibri looked like he was "going slow for conditions" and Cook had "no doubt that he was turning." Based on this belief, Cook pulled out onto Newnan Road. Jibri did not turn right, and the accident occurred.

An independent witness, Shelia Turner, who was traveling behind Jibri's car before the accident, testified at trial. She corroborated Cook's testimony that Jibri was signaling as if he were going to turn right onto Parenting Road. She also testified that Jibri slowed down before the turn and that his brake lights came on. Turner stated that Jibri even started to turn, but then swerved back onto

Newnan Road and accelerated.

1. Jibri claims that the court's jury charges conflicted and were confusing. Part of Jibri's argument seems to be that the court erred in giving a charge both on a vehicle's duty to stop at a stop sign and a charge regarding the turning vehicle. Yet, at trial Jibri requested that the trial court charge on OCGA § 40-6-72, which delineates a driver's responsibility at a stop sign, and he requested a charge about the turning vehicle. Although the charge Jibri requested regarding the turning vehicle varied slightly from that which the court gave, as discussed in the Division below, because Jibri himself requested similar charges on both of these topics, he may not now complain that the overlay of instructions on these two areas was confusing or improper. See generally *Moody v. Dykes*, 269 Ga. 217, 219-220 (3) (496 SE2d 907) (1998).

2. Jibri also contends that the court's charge regarding turning vehicles was incorrect. Defendant Cook submitted a request to charge based on *Greenlee v. Chastain,* 112 Ga. App. 813, 815 (6) (146 SE2d 378) (1965), which the court read to the jury. The charge stated:

> if you find by a preponderance of the evidence that the plaintiff did have a turn signal on, that is operating, and also *an additional element of indicating to the defendant that the plaintiff was going to make a turn*, then the defendant would have been authorized to assume that the plaintiff would make the turn and would have had the right to have entered the intersection.

(Emphasis supplied.)

Jibri objected to the charge, arguing that it was improper because it did not specify the "additional element of indicating to the defendant that the plaintiff was going to make a turn." Jibri argued that the court should have given his requested charge which included language that defined the "additional element" as "slowing speed, extreme right-hand side of the road, etc." See generally OCGA § 40-6-123.

*Greenlee v. Chastain*, 112 Ga. App. at 815 (6), involved a very similar vehicular accident which occurred after a car signaling a right turn did not actually turn right. The accident happened when a car which had been stopped at the intersection pulled into the intersection, expecting the signaling car to turn. In this context, this court addressed the question of whether the court properly instructed the jury, stating:

> The charge did not authorize the jury to find that the plaintiff had yielded her superior right of way merely by the giv-

ing of the turn signal, for the charge included the requirement that the jury must find that the plaintiff approached the intersection with the "right turn signal on; that is operating, *and indicated to the defendant* that she was going to make a right turn." Such charge requires an additional element, e.g. slowing speed, extreme right hand side of the road, etc. Had the plaintiff desired or felt that additional instructions defining how the plaintiff might have "indicated" to the defendant her intention to yield the right of way the assignment of error should be on such ground and not on the correct charge given.

(Emphasis in original.) Id.

In this case, the trial court correctly instructed the jury that in addition to the turn signal, it was necessary that the jurors find that there was another indication of the plaintiff's intention to turn. While the better practice would have been for the court to define for the jury the "additional element" which indicated that the plaintiff was going to make a right turn, there is no reversible error in the court's failure to do so in this case. Significantly, Jibri has not carried his burden of showing how the court's failure to delineate the "additional element" harmed him. And "[h]arm as well as error must be shown to warrant reversal. . . ." (Citation and punctuation omitted.) *Wozniuk v. Kitchin*, 229 Ga. App. 359, 361 (2) (494 SE2d 247) (1997). In this case, the court charged the jury properly with respect to the various applicable principles of law, and reversal on this basis is unwarranted.

3. To the extent that Jibri raises any other arguments, we also reject these contentions.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JULY 5, 2001.

*Donald L. Jones*, for appellant.

*Downey & Cleveland, William C. Anderson, Kevin M. Salisbury,* for appellee.