*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED MARCH 12, 2004 —
RECONSIDERATION DENIED MARCH 30, 2004.

Roy L. Dykes, *pro se.*
Kenneth W. Mauldin, *District Attorney, Edward H. Brumby, Jr., Assistant District Attorney,* for appellee.

A03A2303. DANIEL v. SMITH.
(597 SE2d 432)

ADAMS, Judge.

Malcolm Smith sued Matthew W. Daniel for personal injuries arising from an automobile collision. The jury returned a verdict in favor of Smith and awarded damages of $2,901 for medical expenses; $6,695 for pain and suffering; and $18,000 for attorney fees and

---

[2] The Supreme Court of Georgia has considered the issue of an out-of-time appeal filed as long as 15 years after a conviction. *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995).

expenses of litigation. On appeal, Daniel claims the trial court erred in (1) allowing Smith to present evidence of his litigation expenses; (2) its jury charge on attorney fees and expenses of litigation; (3) admitting an exhibit listing Smith's attorney fees and expenses of litigation; (4) refusing to give Daniel's requested charge on comparative negligence; (5) allowing Smith to testify he did not seek follow-up medical care due to a lack of financial resources; (6) permitting Daniel to be cross-examined about a guilty plea to a traffic ticket; and (7) charging the jury on future pain and suffering. For the reasons set forth below, we affirm in part and reverse in part.

The evidence shows that on the evening of October 3, 2000, Daniel was driving his vehicle on Atlanta Road in Cobb County and attempted to make a left turn onto Paces Ferry. Smith was driving his vehicle on Atlanta Road in the opposite direction. As Smith drove through the intersection, Daniel turned into Smith's vehicle and struck the driver's side door. According to Smith and his passenger, Melvin Wynn, Smith approached the intersection going the speed limit, had a green light, and did not activate his blinker or slow as if to turn. Daniel testified that Smith turned on his blinker and slowed as if to turn right, but went straight through the intersection.

1. Daniel contends the trial court erred in allowing evidence of attorney fees and litigation expenses to be presented to the jury. In related arguments, Daniel also maintains the trial court erred in denying his motion for a directed verdict and in giving a jury charge on Smith's claim for attorney fees and litigation expenses. We disagree.

In relevant part, OCGA § 13-6-11 provides that litigation expenses may be allowed as damages "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." The question of an award of attorney fees under OCGA § 13-6-11 is for the jury. *KDS Properties v. Sims*, 234 Ga. App. 395, 400 (5) (506 SE2d 903) (1998). The parties agree that there was no evidence of bad faith, and the relevant issue is whether Daniel was stubbornly litigious or caused Smith unnecessary trouble and expense. "When bad faith is not an issue and the only asserted basis for a recovery of attorney fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, there is not 'any evidence' to support an award pursuant to OCGA § 13-6-11 if a bona fide controversy clearly exists between the parties." (Citation and punctuation omitted.) *Brown v. Baker*, 197 Ga. App. 466, 468 (4) (398 SE2d 797) (1990). "[I]t is for the jury to determine whether there was a bona fide controversy, unless the facts preclude such a finding as a matter of law." (Citation and punctuation omitted.) *Webster v. Brown*, 213 Ga. App. 845, 846 (2) (446 SE2d 522) (1994).

Daniel contends that a genuine dispute clearly existed as to the issue of liability. To support this contention, he refers us to *Webster v. Brown*, 213 Ga. App. at 846 (2). The defendant in *Webster* turned left in front of a vehicle in which the plaintiff was a passenger, causing a collision. Id. Even though there was evidence that the defendant admitted fault at the scene and pled guilty to a traffic charge in connection with the incident, the trial court refused to allow evidence of litigation expenses. Id. at 847 (2). We affirmed the trial court's ruling.

Daniel's testimony distinguishes this case from *Webster*. The defendant in *Webster* testified that the collision was not his fault, that he did not admit fault at the scene, and that he pled guilty to end the matter. Id. In contrast, Daniel's own testimony tends to show his liability. According to Daniel, as Smith's vehicle approached the intersection, "I saw a blinker come on and his vehicle significantly slowed as if he was going to make a turn." Daniel then moved into the intersection to make a left hand turn on the assumption that Smith's vehicle would turn right into the right hand lane of the intersecting multi-lane road and he would turn left into the left lane of that road. According to Daniel, the collision occurred when Smith's vehicle "straightened back out at the last second."

Daniel admits that a driver making a left hand turn would ordinarily have a duty to yield, but contends that this duty is not absolute because, "[w]here a driver who is proceeding in the favored direction so acts as to indicate an intention to yield to the driver who is proceeding in the disfavored direction, the latter may properly proceed." (Citation and punctuation omitted.) *Greenlee v. Chastain*, 112 Ga. App. 813, 814 (3) (146 SE2d 378) (1965). In *Greenlee*, and in *Jibri v. Cook*, 250 Ga. App. 430 (551 SE2d 808) (2001), which is also relied on by Daniel, the plaintiff's vehicle, which had the nominal right of way, approached the defendant's vehicle at a right angle and indicated that it would turn right and so not cross the defendant's path. Here, given the relative position of the vehicles, Smith's vehicle blocked Daniel's path until Smith actually vacated the intersection, either by going straight through or completing a right hand turn. In these circumstances, Smith could not reasonably be found to have yielded the right of way to Daniel by slowing down and turning on his blinker. It follows that the trial court was authorized to conclude that a bona fide controversy did not clearly exist as to liability for the collision. The trial court did not err by allowing evidence of Smith's litigation expenses. Furthermore, because the evidence authorized Smith to recover litigation expenses, the trial court did not err in denying Daniel's motion for a directed verdict or in charging the jury on that claim.

2. Daniel contends that, even if Smith was entitled to recover attorney fees and expenses of litigation, he failed to present proper evidence of the fees and expenses he sought to recover. "An award of attorney fees is unauthorized if [Smith] failed to prove the actual costs of his attorneys and the reasonableness of those costs." (Citation and punctuation omitted.) *Southern Co. v. Hamburg*, 220 Ga. App. 834, 842 (5) (470 SE2d 467) (1996) (*Hamburg I*). In particular, Daniel argues that the trial court erred in admitting Plaintiff's Exhibit "J," which plaintiff's counsel described as a summary of billing expenses, because (i) the billing summary was hearsay and without probative value, and (ii) the billing summary made no effort to separate out the expenses related to the issue of liability and the issue of damages.

We conclude that the billing summary was not hearsay because the author of the billing document, Smith's trial counsel, was in court. He told the jury that his fees and expenses were $25,302.87; that they were fair and reasonable and customary in the community given the nature and length of the litigation; and that Exhibit "J" was a fair and accurate summary of the expenses of litigation. Smith's trial counsel was then cross-examined at length about Exhibit "J" and the expenses of litigation. These events distinguish this case from *Hamburg I*, which is relied upon by Daniel, in which "most of [the] billings were purportedly recorded by persons (primarily attorneys) who were not proffered to authenticate their work." *Southern Co. v. Hamburg*, 233 Ga. App. 135 (503 SE2d 383) (1998) (*Hamburg II*).

Daniel also complains that Exhibit "J" made no attempt to differentiate between attorney fees and expenses of litigation with respect to the issue of liability and those with respect to Smith's claim for property damages. "[A] plaintiff is entitled to recover attorney fees only for that portion of the fees which are allocable to the attorney's efforts to prosecute a successful claim against a defendant." (Citation omitted.) *Premier Cabinets v. Bulat*, 261 Ga. App. 578, 582 (5) (583 SE2d 235) (2003). Daniel contends that he was granted summary judgment on the property damage claim and that it was not possible for the jury to separate out the litigation expenses attributable to that issue. This is a somewhat disingenuous argument in that Daniel moved for summary judgment on the grounds that "the total amount of property damages that the Plaintiff may recover of $4,185.00 has been offered in payment to the Plaintiff by the Defendant, so there is no issue to be resolved by the jury." The trial court excluded the issue, but it would not be fair to characterize Daniel's victory on that motion as the same as prevailing on a separate claim.

3. Daniel also contends that the trial court erred in giving its jury charge on attorney fees and expenses of litigation because the charge given did not correctly state the law applicable to the case. We disagree.

The trial court charged the jury that, "should you find that defendant has been stubbornly litigious and has caused plaintiff unnecessary trouble and expense, you may award the plaintiff his expenses of litigation, including reasonable attorney[ ] fees. If you find that bona fide controversy exists as to defendant's liability, then plaintiff would not be entitled to recover his expenses of litigation and attorney[ ] fees."

Relying on *Premier Cabinets v. Bulat*, 261 Ga. App. at 582 (5), Daniel contends the charge did not adequately inform the jury that they were only entitled to award Smith for claims for which he prevailed and for which there was no bona fide controversy. Unlike *Premier Cabinets*, however, this litigation did not involve multiple causes of action, and we cannot see a need to charge the jury to account for the possibility of claims for which attorney fees and expenses of litigation were recoverable and claims for which they were not recoverable.

As to separating fees based on claims for which there was a bona fide controversy, Daniel apparently refers to his objection at trial that the charge was defective in failing to require the jury to separate legal fees and expenses incurred with regard to the issue of liability, as to which there may have been no bona fide controversy, from the other parts of the case. Our research indicates that a jury may award attorney fees under OCGA § 13-6-11 if there is no bona fide controversy as to liability, even if there is a bona fide controversy as to damages. See *Southern R. Co. v. Crowe*, 186 Ga. App. 244, 246-248 (2) (366 SE2d 846) (1988); *Delta Air Lines v. Isaacs*, 141 Ga. App. 209, 211 (3) (233 SE2d 212) (1977). Once the threshold for awarding the plaintiff expenses of litigation as compensation for a defendant's stubborn litigiousness or causing unnecessary trouble or expense has been reached, we cannot find any authority for requiring the jury to pro-rate fees between various aspects of a discrete cause of action. We conclude the charge given stated the law applicable to the facts of this case, and that the trial court did not err in giving the charge.

4. Daniel claims the trial court erred in refusing to give his requested charge on comparative negligence because the evidence raised a question as to whether Smith was negligent. We disagree.

As a matter of contributory negligence, it is the rule in this state that, if the plaintiff, in the exercise of ordinary care, could have avoided the accident, he is denied recovery. However, in all other cases, Georgia law's comparative negligence rule is that if the plaintiff's negligence was less than the defendant's, the plaintiff is not denied recovery although his

damages shall be diminished by the jury in proportion to the degree of fault attributable to him.

(Citations omitted.) *Union Camp Corp. v. Helmy*, 258 Ga. 263, 267 (367 SE2d 796) (1988). If the evidence does not raise an inference of the plaintiff's negligence, it is not error for the trial court to fail to give a charge on comparative negligence. *Ga. Kraft Co. v. Faust*, 200 Ga. App. 686, 688 (2) (409 SE2d 247) (1991).

Daniel contends that the jury could infer negligence from his testimony that Smith slowed as if to make a right hand turn, but then "straightened out" and proceeded through the intersection. However, Daniel does not show the alleged use of the blinker without actually making a turn violated any statutory duty in the operation of the automobile. Nor does Daniel show Smith breached an established duty of care to Daniel, notwithstanding his reliance on *Greenlee v. Chastain*, 112 Ga. App. at 813-815, and *Cunningham v. Nat. Svc. Indus.*, 174 Ga. App. 832 (331 SE2d 899) (1985). Based on the evidence, Smith could not reasonably be found to have invited Daniel to make a left hand turn. We conclude that the trial court did not err in refusing to give the requested comparative negligence charge.

5. Daniel claims the trial court erred in denying his motion in limine seeking to prevent Malcolm Smith from testifying at trial that he did not seek follow-up medical care due to a lack of financial resources. The trial court denied the motion, and Smith testified that he did not complete physical therapy because it was too expensive.

The general rule is that evidence relating to the wealth of the parties and the existence of insurance coverage is inadmissible, but there is an exception if those issues have been made relevant by the parties. *Whelan v. Moone*, 242 Ga. App. 795, 796 (1) (531 SE2d 727) (2000). In this case, Smith opposed Daniel's motion in limine because he anticipated that Daniel would argue that Smith failed to complete physical therapy because Smith was not hurt. Daniel did not refute this assertion. Daniel later sought a jury instruction that Smith's damages could have been reduced had he sought physical therapy, and the court gave an instruction on the duty to reduce damages. See id. (if defendant asserts that the plaintiff's damages could have been avoided by surgery, evidence that plaintiff could not afford surgery becomes admissible). Based on the foregoing, Smith's testimony that he did not complete physical therapy because it was too expensive was made relevant by the parties, and the trial court did not err in denying Daniel's motion in limine on that issue.

Daniel further argues that if Smith was allowed to testify about the expense of physical therapy that Daniel should have been allowed to question Smith about insurance coverage. He contends that if Smith's inability to pay for physical therapy was relevant, then

Smith's insurance coverage was relevant as well. However, Daniel's trial attorney initially asked the trial court to exclude evidence of Smith's insurance coverage because Daniel did not want Smith to testify, "as Mr. Smith did in his deposition that he didn't follow up with medical treatment because there was a problem with CIGNA, his insurance carrier, approving the treatment and he couldn't afford it." In view of this statement, Daniel could not have anticipated impeaching Smith by asking about the CIGNA coverage. "Control of the nature and scope of cross-examination of a witness is a matter within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion." *Latimore v. Dept. of Transp.*, 250 Ga. App. 360, 361 (1) (552 SE2d 439) (2001). Under these circumstances, we conclude that the trial court did not err by declining Daniel's request to question Smith about the CIGNA policy.

6. Citing the best evidence rule, Daniel filed a pre-trial motion seeking to preclude Smith from asking Daniel about a traffic citation without producing a certified copy of the guilty plea. See *Fincher v. Frost*, 225 Ga. 408, 409 (2) (169 SE2d 309) (1969) (it is error to allow oral testimony of a witness as to a criminal conviction over an objection that the records of conviction are the highest and best evidence). See also OCGA § 24-5-1. Daniel contends the trial court erred in denying the motion and allowing Smith to cross-examine him about the guilty plea to the traffic citation. We find the issue to be waived for purposes of appeal.

At trial, Daniel testified on direct that he received a traffic citation in connection with the collision with Smith, and that he paid a fine on the citation. Daniel did not object when Smith's trial counsel later asked Daniel about the citation without having introduced a copy of it into the record. A party need not renew an objection in order to preserve an appeal based on a denial of a motion in limine. *Crenshaw v. State*, 248 Ga. App. 505, 508 (3) (546 SE2d 890) (2001). But the issue can be waived by an affirmative act. Id. We conclude that Daniel waived the issue because he testified that he paid the traffic citation and he testified as to why he paid the citation, all without having introduced any writing into evidence.

7. Daniel claims the trial court erred in charging the jury on the issue of future pain and suffering when there was no evidence in the record to support the charge. We agree.

The trial court charged the jury that "[i]f you find that plaintiff's pain and suffering will continue into the future, you should award damages for such pain and suffering as you believe plaintiff will endure." After the charge was given, Daniel objected on the grounds that there was no evidence with regard to that issue.

"If there is even slight evidence on a specific issue, it is not error for the court to charge the jury on the law related to that issue."

(Citation and punctuation omitted.) *Jones v. Sperau*, 275 Ga. 213, 214 (2) (563 SE2d 863) (2002). The measure of damages for pain and suffering is within the enlightened conscience of the jurors. *Stubbs v. Harmon*, 226 Ga. App. 631, 633 (1) (487 SE2d 91) (1997).

There is no evidence from which a jury could reasonably conclude that Smith would experience future physical or mental pain and suffering. As to physical pain and suffering, Smith was diagnosed with spinal ligament damage attributable to the collision. However, there was no evidence that this was a permanent condition or that, at the time of trial, Smith continued to or would in the future experience ill effects from the injury; rather, all the evidence pointed to Smith's complete recovery. Smith was a professional boxer. The physician who diagnosed Smith testified that a boxer who suffered an injury in a car wreck like this one could be expected to be back in the ring in three to four months, and "seven months is a little long." Smith testified that it took him "about a year" to get back "pretty close" to where he was before. The trial occurred almost two and a half years after the collision. On cross-examination, Smith agreed that the last medical bill he received in connection with the collision was over two years before the trial date. Smith confirmed that it took about a year for him to get back to where he was physically, but that he was running five miles a day, and doing all the things he had been doing in the gym before the collision. When asked during direct testimony, "How are you doing today physically?" Smith responded "I'm doing great today." On cross-examination, Smith said he was "feeling great."

There was also no evidence of mental anguish or anxiety. Compare *Valdosta Housing Auth. v. Finnessee*, 160 Ga. App. 552, 553 (1) (287 SE2d 569) (1981) (child bitten by rat showed no permanent physical injury but maintained fear of rats, still cried, and was upset 45 months later). Although Smith's argument on appeal refers only to the physical ligament damage, at trial Smith argued for the charge on future pain and suffering based on a "permissible inference that [Smith] could continue to suffer anxiety over the fact that he's lost a year of his professional boxing career and suffered that setback in his advancement." Although the evidence shows that Smith did lose a year in his career as a result of his injuries, the evidence does not touch upon whether Smith experienced mental suffering growing out of his physical injury. See *Watson v. Augusta Brewing Co.*, 124 Ga. 121, 125 (52 SE 152) (1905) (mental suffering attributable to physical injury may not be fanciful).

Although we are mindful that even slight evidence would support the charge given, we conclude that there is no evidence from which a jury could reasonably infer that Smith would experience future pain and suffering from the collision with Daniel. As the jury

awarded damages for pain and suffering, and it is not possible to tell from the verdict if that amount included an award for future pain and suffering, the charge was not harmless. Accordingly, Daniel is entitled to a new trial on damages for pain and suffering. See *Dept. of Human Resources v. Thomas*, 217 Ga. App. 174, 179 (2) (456 SE2d 724) (1995) (unwarranted jury instruction required new trial on issue of damages).

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Eldridge, J., concur. Barnes, J., disqualified.*

DECIDED MARCH 4, 2004 —
RECONSIDERATION DENIED MARCH 30, 2004 — 

*Hammond, Carter & Watson, A. Cullen Hammond, Shur, McDuffie, Williams & Morgan, Robert A. De Metz, Jr.*, for appellant.
*Jones & Bell, Lloyd N. Bell, Scott D. Delius*, for appellee.