A07A1308. CITY OF LILBURN v. ASTRA GROUP, INC.
(649 SE2d 813)

BLACKBURN, Presiding Judge.

In this breach of contract matter, the City of Lilburn (the "City") appeals the jury's award of attorney fees to Astra Group, Inc. ("Astra"), arguing that the trial court erred in denying its motion for directed verdict and its motion for judgment notwithstanding the verdict on that issue. For the reasons set forth below, we affirm.

"The standard for granting motions for directed verdict and for j.n.o.v. is the same. They may be granted only when no conflict exists in the evidence and the evidence presented, with all reasonable inferences therefrom, demands a particular verdict." *Wynn v. City of Warner Robins*.[1] "In reviewing the denial of both a motion for a directed verdict and a motion for j.n.o.v., this Court must construe the evidence in the light most favorable to the prevailing party and

---

[1] *Wynn v. City of Warner Robins*, 279 Ga. App. 42, 43 (1) (630 SE2d 574) (2006).

determine whether there is any evidence to support the jury's verdict." *Cooper Tire & Rubber Co. v. Merritt.*[2]

So construed, the record demonstrates that in 2003, the City hired a landscape architectural firm (the "architect") to provide services on a project to renovate Lilburn City Park (the "Park Project"). The landscape architectural request documents for the Park Project noted that the project would involve work above and within an inert landfill; however, the existence of the landfill was not disclosed in the pre-bid documents provided to contractors interested in working on the project. In a pre-bid meeting attended by Astra and other prospective contractors, the landfill was mentioned, but the City and the architect represented that based on tests performed by the architect, the specific work areas involving digging would not be affected by the landfill. However, these tests were never actually conducted. On November 17, 2003, the City and Astra entered into a contract for Astra to serve as the general contractor on the Park Project. Pursuant to the contract, the architect was the City's "representative from the effective date of [the] Contract until final payment" and was also responsible for supervising Astra's work and making recommendations to the City. The City, however, retained ultimate decision-making authority.

On December 19, 2003, less than one month after work on the Park Project had begun, Astra encountered landfill materials within the depth of its excavation. Because of environmental impact concerns, Astra halted work on the project, immediately notified the City and the architect, and awaited further direction from the City as to how to proceed. Initially, neither the City nor the architect responded to Astra's request for direction, and the project began to lag behind schedule. On January 7, 2004, the architect directed Astra to continue the project after removing the landfill material at its own expense. Astra responded that it had no duty to bear any extra costs as a result of the landfill, and a meeting between all the parties was held to resolve the impasse. Following that meeting, Astra agreed to remove the landfill material on the condition that the architect, pursuant to the contract, execute change orders, which would increase the direct costs of the changed work so that Astra could be compensated accordingly. In addition, the City agreed that it would conduct an end-of-job review at the project's conclusion to evaluate Astra's claim for job site overhead costs (costs incurred by Astra for remaining on the project longer than anticipated).

As a result of dealing with the landfill issue, the project was delayed for over two months, with the job site overhead cost of that

---

[2] *Cooper Tire & Rubber Co. v. Merritt*, 271 Ga. App. 16 (608 SE2d 714) (2004).

delay totaling over $91,000. The contract provided a "reasonable allowance for direct job site overhead and profit" associated with changes in the scope of its work on the project.[3] However, although the City paid an increase in the contract price for Astra's removal of the landfill material, it refused all requests to pay Astra's increased job site overhead costs due to the delay and further refused to conduct any end-of-job review of Astra's claims for those costs after the project was completed.

Consequently, in November 2004, Astra sued the City for breach of contract, seeking payment of the direct job site overhead and profits, as well as attorney fees. Attempts to mediate the matter failed, and the case was tried to a jury. At the close of Astra's evidence at trial, the City moved for directed verdict on Astra's claim for attorney fees. Finding that there was sufficient evidence to allow this issue to be considered by the jury, the trial court denied the City's motion. At the trial's conclusion, the jury rendered a verdict in Astra's favor and awarded Astra $65,000 on its breach of contract claim and $77,000 in attorney fees. Subsequently, the City moved for j.n.o.v. on the jury's award of attorney fees. The trial court denied the City's motion, and this appeal followed.

The City contends that the trial court erred in denying its motion for directed verdict and its motion for j.n.o.v. as to the jury's award of attorney fees, arguing that there was no evidence that attorney fees were warranted under OCGA § 13-6-11. We disagree.

"Attorney fees are recoverable under OCGA § 13-6-11 when a party has acted in bad faith, has been stubbornly litigious, or has subjected the other party to unnecessary trouble and expense." *Charter Drywall Atlanta v. Discovery Technology.*[4] Questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense are generally questions for the jury to decide. *Clearwater Constr. Co. v. McClung.*[5] "An award of attorney fees under OCGA § 13-6-11 will be affirmed if there is any evidence to support it." *Charter Drywall Atlanta,* supra, 271 Ga. App. at 517 (2).

---

[3] Subparagraph 10.3.2 of the contract in relevant part provides:
   If no mutual agreement occurs between the Owner and the Contractor as contemplated in Subparagraph 10.3.1 above, the change in the Contract Price, if any, shall then be determined by the Architect on the basis of the reasonable expenditures or savings of those performing, deleting or revising the Work attributable to the change, including, in the case of an increase or decrease in the Contract Price, *a reasonable allowance for direct job site overhead and profit.*
(Emphasis supplied.)
   [4] *Charter Drywall Atlanta v. Discovery Technology,* 271 Ga. App. 514, 517 (2) (610 SE2d 147) (2005).
   [5] *Clearwater Constr. Co. v. McClung,* 261 Ga. App. 789 (584 SE2d 61) (2003).

In this matter, the jury's award of attorney fees was warranted on the ground that some evidence showed that the City acted in bad faith, was stubbornly litigious, and caused Astra unnecessary trouble and expense. "Bad faith warranting an award of attorney fees must have arisen out of how the defendant acted in dealing with the plaintiff." *City of Atlanta v. Landmark Environmental Indus.*[6] Specifically, "the element of bad faith relates to the defendant's conduct in entering into the contract or pertains to the transaction and dealings out of which the cause of action arose, not to the defendant's conduct after the cause of action arose." (Punctuation omitted.) *Morrison Homes of Fla. v. Wade.*[7] See *Dept. of Transp. v. Hardin-Sunbelt, Joint Venture.*[8] "Even slight evidence of bad faith can be enough to create an issue for the jury." *Freightliner Chattanooga v. Whitmire.*[9] Moreover, "[e]ven where there is a bona fide controversy as to liability, a jury may find that a defendant acted in the most atrocious bad faith in its dealing with the plaintiff." *Commercial & Military Systems Co. v. Sudimat, C.A.*[10] In addition, a recovery of attorney fees for stubborn litigiousness or for causing the plaintiff unnecessary trouble and expense is authorized where the evidence reveals no bona fide controversy or dispute with regard to the defendant's liability. *Steel Magnolias Realty v. Bleakley.*[11]

Here, there was evidence that the City misrepresented to Astra that tests were performed that showed that the landfill under Lilburn City Park would not interfere with the renovations. The City then breached its contract with Astra by refusing to pay additional job site overhead costs incurred directly because of delays associated with removing landfill material. Additional evidence demonstrated that despite the City's initial refusals to pay the increased job site overhead costs caused by the delay, Astra agreed to continue working on the project based on the City's representations that Astra's requests for payment on the increased overhead costs would be re-evaluated by the City after the project was completed. However, no re-evaluation of those requests occurred. Furthermore, evidence also indicated that the City's paramount concern was keeping the Park

---

[6] *City of Atlanta v. Landmark Environmental Indus.*, 272 Ga. App. 732, 744 (11) (613 SE2d 131) (2005).

[7] *Morrison Homes of Fla. v. Wade*, 266 Ga. App. 598, 600 (2) (598 SE2d 358) (2004).

[8] *Dept. of Transp. v. Hardin-Sunbelt, Joint Venture*, 266 Ga. App. 139, 146 (4) (596 SE2d 397) (2004).

[9] *Freightliner Chattanooga v. Whitmire*, 262 Ga. App. 157, 163 (2) (584 SE2d 724) (2003).

[10] *Commercial & Military Systems Co. v. Sudimat, C.A.*, 267 Ga. App. 32, 37 (1) (e) (599 SE2d 7) (2004).

[11] *Steel Magnolias Realty v. Bleakley*, 276 Ga. App. 155, 157 (2) (622 SE2d 481) (2005).

Project within budget rather than paying Astra what it had agreed to pay for job site overhead costs under the contract.

Thus, a jury could find from the record that the City acted in bad faith in its dealings with Astra on the issue of the overhead costs, was stubbornly litigious, and caused Astra unnecessary trouble and expense. See *Charter Drywall Atlanta*, 271 Ga. App. at 517 (2) (defendant found stubbornly litigious for refusing to fulfill its obligations under the contract despite no bona fide controversy); *Commercial & Military Systems Co.*, supra, 267 Ga. App. at 38 (1) (e) (bad faith and stubborn litigiousness warranting attorney fees found where plaintiff fulfilled additional tasks based on defendant's misrepresentations and promises); *Morrison Homes of Fla.*, supra, 266 Ga. App. at 601 (2) (defendant working with plaintiff to resolve only one of several disputes under the contract did not bar a finding of bad faith). Accordingly, the trial court did not err in denying the City's motion for directed verdict and its motion for j.n.o.v.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED JULY 12, 2007.

*Carothers & Mitchell, Ernest R. Bennett, Jr.*, for appellant.
*Richelo, Morrissey & Wright, Thomas Richelo, Holly M. Loy*, for appellee.