## A09A0048. UNIVERSAL UNDERWRITERS GROUP v. SOUTHERN GUARANTY INSURANCE COMPANY.

### (677 SE2d 760)

JOHNSON, Presiding Judge.

On March 30, 2004, the storefront of J&J Auto Service in Villa Rica was damaged when it was struck by a truck driven by an employee of Hinton Mitchum Tractor Company. Southern Guaranty Insurance Company, as J&J's insurer, paid $57,493.42 on J&J's claim and sought subrogation from Universal Underwriters Group, as the insurer of Hinton Mitchum. Following a jury trial, the jury awarded Southern Guaranty $57,493.42 on its subrogation claim plus an additional $24,660.90 for expenses of litigation. Universal appeals, claiming that the evidence did not support the award for litigation expenses and that the trial court therefore erred in denying its motion for judgment notwithstanding the verdict. Finding no error, however, we affirm.

In reviewing the denial of a motion for j.n.o.v., this Court must construe the evidence in the light most favorable to the prevailing party and determine whether there is any evidence to support the jury's verdict.[1] A trial court may grant such a motion only when no conflict exists in the evidence and the evidence presented, with all reasonable inferences therefrom, demands a particular verdict.[2]

Here, the evidence showed that as the Hinton Mitchum employee drove his tractor-trailer over a railroad crossing in Villa Rica, the back of the trailer became stuck on the asphalt because it had insufficient undercarriage clearance to pass through the crossing. As a train approached, the driver evacuated the truck. The train struck the trailer, and the force of the collision caused it to separate from the tractor. The tractor then rolled down an incline and into J&J's storefront.

On May 12, 2004, Southern Guaranty demanded payment from Universal of $57,993.42 (which included reimbursement of the $500 deductible paid by J&J). By June 1, 2006, Universal was only willing to accept five percent liability, claiming that the City of Villa Rica was also liable because it failed to provide adequate signage to warn drivers of the differences in slope between the north and south sides of the railroad tracks.

At trial, which occurred on January 28, 2008, Universal continued to claim that Southern Guaranty should have sued the City of Villa Rica for its role in causing the accident. Universal stipulated as to the $57,493.42 in damages that Southern Guaranty had incurred

---

[1] *City of Lilburn v. Astra Group*, 286 Ga. App. 568-569 (649 SE2d 813) (2007).

[2] Id. at 568.

as the insured of J&J, it did not contest the amount or reasonableness of Southern Guaranty's litigation expenses, and it agreed that J&J did nothing to cause or contribute to the collision. In addition, Universal did not dispute that the tractor-trailer had insufficient undercarriage clearance to pass through the railroad crossing.

OCGA § 13-6-11 provides that a jury may grant litigation expenses "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." Where, as here, the plaintiff does not allege bad faith, an award of litigation expenses is authorized only in the absence of a bona fide controversy.[3] "It is for the jury to determine whether there was a bona fide controversy, unless the facts preclude such a finding as a matter of law."[4]

Here, Universal's liability was established by its admission that the tractor-trailer had insufficient undercarriage clearance to pass through the railroad crossing. While Universal argued that its driver could not have reasonably foreseen that the vehicle would become stuck, OCGA § 40-6-140 (f) provides that "[n]o person shall drive a vehicle over a railroad grade crossing if there is insufficient undercarriage clearance for the vehicle to negotiate the crossing." Based on the driver's admission to acts in violation of this legal duty, the jury could have concluded that no bona fide controversy existed regarding Universal's liability for the negligence per se of its driver.[5]

In addition, despite Universal's claim that the City of Villa Rica was liable for the accident based on inadequate signage, the jury would not have been authorized to apportion damages between Universal and the City. At the time of the collision, OCGA § 51-12-33 (a) provided for apportionment only where the alleged third-party tortfeasor was a party to the action.[6] Although the General Assembly amended OCGA § 51-12-33 (a) in 2005, the amendments "apply only with respect to causes of action arising on or after [February 16, 2005], and any prior causes of action shall continue to be governed by prior law."[7] Thus, even accepting Universal's claim as correct, it would still be liable for the concurrent negligence per se of its driver, which was indisputably a proximate cause of the damage to Southern

---

[3] *Daniel v. Smith*, 266 Ga. App. 637, 638 (1) (597 SE2d 432) (2004).

[4] (Citation and punctuation omitted.) Id.

[5] See id.; see also OCGA § 51-1-6 ("When the law requires a person to perform an act for the benefit of another or to refrain from doing an act which may injure another, although no cause of action is given in express terms, the injured party may recover for the breach of such legal duty if he suffers damage thereby.").

[6] See *Schriever v. Maddox*, 259 Ga. App. 558, 561-562 (2) (c) (578 SE2d 210) (2003).

[7] Ga. L. 2005, p. 1, § 15 (b).

Guaranty's insured.[8] As a result, the trial court did not err in denying Universal's motion for j.n.o.v. as to the expenses of litigation awarded to Southern Guaranty by the jury.[9]

Finally, Southern Guaranty has moved for the imposition of sanctions for a frivolous appeal under OCGA § 5-6-6. While we have found no merit to Universal's appeal, we cannot conclude that Universal pursued it for purposes of delay only. Southern Guaranty's motion is accordingly denied.[10]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 22, 2009.

*Buckley King, John A. Hannay, Robert P. White*, for appellant.
*Michael L. Wetzel*, for appellee.

---

[8] See *Atlanta Gas Light Co. v. Mills*, 78 Ga. App. 690, 695 (1) (51 SE2d 705) (1949).
[9] *Daniel*, supra.
[10] See *Ellis v. Stanford*, 256 Ga. App. 294, 298 (7) (568 SE2d 157) (2002).
[1] OCGA § 16-13-30 (b).