## A10A2066. SIERRA-CORRAL HOMES, LLC v. POURREZA.

(708 SE2d 17)

MIKELL, Judge.

Fatemah Pourreza sued Sierra-Corral Homes, LLC ("Sierra") for breach of a construction contract. The trial court entered default judgment against Sierra and denied its motions to compel arbitration and to recover attorney fees. Sierra appeals, and we affirm.

The record shows that on April 17, 2007, Fatemah Pourreza entered into a contract with Sierra for the construction of a new home in Gainesville. Disputes arose, and on May 23, 2008, Pourreza sued Sierra, asserting claims of breach of contract, specific performance, equitable relief, and damages. Sierra's registered agent for service of process could not be located, so Sierra was served through the Secretary of State on October 17, 2008. Sierra filed an untimely answer and moved to open the default. Following a hearing, the trial court denied the motion and entered default judgment on March 20, 2009. Sierra filed a direct appeal from that order. We dismissed the appeal because the order was not final, given that the issue of damages had not been adjudicated.

After the remittitur was issued, the trial court scheduled a hearing on damages for November 9, 2009. On November 5, Sierra filed a motion to set aside the default judgment, asserting that the trial court lacked jurisdiction because the parties' contract was governed by an arbitration clause. Sierra also filed a motion to compel arbitration.[1] Sierra also filed a motion seeking attorney fees and litigation expenses pursuant to OCGA § 9-15-14 (b). Pourreza filed a motion to stay arbitration. Following a hearing, the trial court issued an order on March 18, 2010, granting Pourreza's motion and denying Sierra's motions to compel arbitration and to recover attorney fees. Sierra appeals, enumerating nine errors.

1. Sierra's first through fifth, and seventh, enumerations of error complain of the trial court's denial of its motion to open default, the entry of default judgment, and the court's failure to rule on its motion to set aside the default judgment.

> Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds if four conditions are met. The three grounds are providential cause, excusable ne-

---

[1] Before the scheduled hearing on damages, Pourreza voluntarily dismissed her complaint without prejudice, and the trial court entered an order concluding that Sierra's motions to set aside the default judgment and to compel arbitration were moot because of the dismissal. It appears that the court disregarded the voluntary dismissal, as the court subsequently held a hearing on the arbitration issue and issued a ruling thereon. Accordingly we express no opinion on the effect of the voluntary dismissal of the complaint.

glect, and a proper case; the four conditions are a showing made under oath, an offer to plead instanter, an announcement of ready to proceed to trial, and setting up a meritorious defense.[2]

Although "the rule permitting opening of default is remedial in nature and should be liberally applied,"[3] "the trial court has broad discretion in deciding whether or not to open the default, and its decision not to open a default will not be interfered with unless that discretion is manifestly abused."[4] In the case at bar, the trial court did not abuse its discretion in deciding not to open the default.

Certain salient facts are undisputed. When the complaint was filed on May 23, 2008, Gustavo Corral, Sierra's registered agent for service of process, could not be found, and service was returned "non est." Pourreza then attempted service upon Sierra's other member, Luis Perez, at the address listed for him with the Secretary of State. That service was returned "non est" as well, with the sheriff's notation "house empty and foreclosed on."

According to the affidavit of Pourreza's counsel, Lauren Gunnels, the trial court instructed her, at a calendar call in September 2008, that the case would be dismissed for want of prosecution unless Sierra was served by October 20, 2008. In reviewing certain documents, Gunnels became aware of an attorney, Craig Oakes, who had represented Sierra at one time. Gunnels sent Oakes an e-mail on September 24 stating, in part: "We represent [Pourreza] in an action against your client, [Sierra]." Oakes contacted Gunnels, and she asked whether he would accept service on behalf of Sierra. Gunnels indicated that she required a response by October 20, as the case had been set for a calendar call on that date. Gunnels averred that, in order to prevent dismissal of the case, she served Sierra through the Secretary of State on Friday, October 17, 2008. At the end of the following week, Gunnels received a letter from Oakes stating that Sierra had directed him to accept service and asking Gunnels to forward a copy of the complaint, summons, and a waiver of service.

Gunnels did not communicate further with Oakes, and Perez discovered the pending action upon searching public records in connection with a threatened foreclosure on the construction loan on the property. On January 21, 2009, Oakes filed an entry of appearance and a "Notice of Communication to Accept Service," asserting

---

[2] (Footnote omitted.) *Crawford v. Dammann*, 277 Ga. App. 442, 450-451 (4) (b) (626 SE2d 632) (2006). Accord *Water Visions Intl. v. Tippett Clepper Assocs.*, 293 Ga. App. 285, 286-287 (2) (666 SE2d 628) (2008).

[3] (Citation omitted.) *Vibratech, Inc. v. Frost*, 291 Ga. App. 133, 144 (2) (661 SE2d 185) (2008).

[4] (Punctuation and footnote omitted.) *Crawford*, supra at 451 (4) (b).

that Gunnels disregarded their communication concerning service and engaged in a "bad faith effort to gain an unfair advantage over [Sierra]." Nevertheless, Sierra did not immediately file defensive pleadings. Rather, it was not until February 4, 2009, that Sierra filed a motion to open default, a pronouncement of ready for trial, a verified answer, and a counterclaim.

At the hearing held on the motion, Oakes argued that he was unable to file an answer before February 4 because he was negotiating with the bank to forestall foreclosure on the construction loan. Perez admitted that his address was listed incorrectly in the records filed with the Secretary of State; that Corral was no longer a member of Sierra by the time the complaint was filed and should not have been listed as its registered agent; and that Corral was supposed to change Sierra's registered agent to Perez.

OCGA § 9-11-55 (b) "recognizes three legal excuses or bases for opening a default: (1) 'providential cause' preventing the filing of required pleadings, (2) 'excusable neglect' explaining the failure to timely file the required pleadings, and (3) circumstances making it a 'proper case' for opening the default."[5] In its order of March 19, 2009, denying the motion to open default, the trial court expressly relied upon Sierra's failure to maintain a registered agent for service of process or a proper address for its sole remaining member, Perez. Accordingly, the trial court found that Sierra had failed to satisfy any of the three grounds for opening default. We conclude that where, as here, a defendant offers no reasonable explanation for failing to maintain a proper registered agent for service of process, the trial court does not abuse its discretion in refusing to open default.[6]

2. Sierra contends that the trial court erred in entering default judgment because Pourreza had not made a motion therefor. The record shows, however, that Pourreza requested a default judgment in her response to Sierra's motion to open default. In any event, because Sierra did not timely file an answer, the case automatically became in default by operation of law.[7] Thereafter, Sierra did not open the default within 15 days as a matter of right,[8] so the case

---

[5] *BellSouth Telecommunications v. Future Communications*, 293 Ga. App. 247, 248 (666 SE2d 699) (2008).

[6] See *Vibratech*, supra at 145 (2) (appellant's failure to receive timely notice of lawsuit was imputable in part to its own failure to advise authorities of the withdrawal of its registered agent). Accord *Broadcast Concepts v. Optimus Financial Svcs.*, 274 Ga. App. 632, 634 (1) (618 SE2d 612) (2005) (no abuse of discretion where defendant waited more than a month, without reasonable excuse, to move to open default).

[7] *Roberson v. Gnann*, 235 Ga. App. 112, 113 (2) (508 SE2d 480) (1998).

[8] OCGA § 9-11-55 (a) provides, in relevant part:

If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer

could be opened only as authorized by OCGA § 9-11-55 (b). Pourreza thus was not required to file a motion for default judgment.

3. Sierra next contends that the trial court erred in overruling its objection to Pourreza's cross-examination of Perez regarding the accuracy of records maintained by Sierra with the Secretary of State. "Control of the nature and scope of cross-examination of a witness is a matter within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion."[9] Sierra, as a limited liability company, was required by OCGA § 14-11-209 (a) (2) to maintain a registered agent for service of process, and contrary to Sierra's argument, the cross-examination to which Sierra objected related to this issue. It follows that the trial court did not abuse its discretion in overruling Sierra's objection to Pourreza's questions regarding whether Sierra's registered agent for service of process was correctly reflected in the proper records.

4. In its fourth enumeration of error, Sierra argues that the trial court should have stricken Gunnels's affidavit because she did not appear at the hearing and was thus unavailable for cross-examination. Sierra has waived this issue, however, by refusing the trial court's offer of a continuance.

The record shows that attorney Jeffrey Schneider represented Pourreza at the hearing. Sierra sought to question Schneider, but the trial court ruled that he could not be called as a witness. Sierra then moved to strike Gunnels's affidavit. The trial court offered to continue the hearing so that Gunnels could be summoned as a witness, but Sierra declined. By its conduct, Sierra waived this issue. "A party cannot complain of error created by his own legal strategy, trial procedure or conduct."[10]

5. In its fifth enumeration of error, Sierra argues that the trial court erred in denying its request to question Schneider regarding the affidavit of service he filed with the Secretary of State. Sierra argues that the affidavit fails to comply with OCGA § 14-11-209 (f), which sets out the requirements for substituted service upon a limited liability company, as follows:

Whenever a limited liability company shall fail to appoint or maintain a registered agent in this state or whenever its

---

has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs.

[9] (Footnote omitted.) *Latimore v. Dept. of Transp.*, 250 Ga. App. 360, 361 (1) (552 SE2d 439) (2001).

[10] (Citations and punctuation omitted.) *LN West Paces Ferry Assocs. v. McDonald*, 306 Ga. App. 641, 648-649 (3) (a) (703 SE2d 85) (2010).

registered agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such limited liability company upon whom any process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him or her or with any other person or persons designated by the Secretary of State to receive such service two copies of such process, notice, or demand. The plaintiff or his or her attorney shall certify in writing to the Secretary of State that the limited liability company failed either to maintain a registered office or appoint a registered agent in this state and that he or she has forwarded by registered or certified mail or statutory overnight delivery such process, notice, or demand to the most recent registered office listed on the records of the Secretary of State and that service cannot be effected at such office.

Here, in his affidavit of service, Schneider certifies that he has

forwarded by certified mail, return receipt requested, the process concerning the above-named case to the last registered office/agent of [Sierra] as listed on the records of the Georgia Secretary of State as follows: . . . Gustavo Corral, 600 Garnett Street, Buford, Gwinnett County, Georgia 30518. . . . I also certify that service cannot be effected at such office.

The trial court found that service upon Sierra complied with OCGA § 14-11-209 (f). "Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is *any evidence* to support them."[11] Sierra argues that the court's finding is erroneous because the affidavit fails to state that two copies of the complaint were filed with the Secretary of State. We note, however, that the record contains an "Acknowledgment of Receipt" issued by the Secretary of State indicating that she had received "*copies* of legal documents relating to service of process upon" Sierra. The use of the plural "copies" is some evidence that Schneider complied with the statutory requirement that two copies be provided. Therefore, the trial court's finding in this regard is not clearly erroneous and must be affirmed.

---

[11] (Citation and punctuation omitted; emphasis in original.) *Vibratech*, supra at 140 (1) (b).

*Anthony Hill Grading, Inc. v. SBS Investments*,[12] upon which Sierra relies, is distinguishable. In that case, we affirmed the grant of a motion to set aside a judgment because the evidence supported the trial court's findings that appellant's affidavit failed to comply with OCGA § 14-11-209 (f) and that appellant had actual knowledge of the appellee's business address at the time suit was filed, so substituted service through the Secretary of State was improper under OCGA § 9-11-4 (e) (1) as well.[13] By contrast, in the case at bar, the evidence supports the trial court's findings that Sierra could not be served through its registered agent or any other officer because Sierra failed to maintain accurate information with the Secretary of State.

6. Sierra argues that the trial court erred in failing to rule on its "renewed" motion to set aside the default judgment, filed on February 10, 2010. The motion, filed pursuant to OCGA § 9-11-60 (d), asserts that the trial court lacked personal jurisdiction over Sierra because plaintiff did not properly serve it pursuant to OCGA § 14-11-209 (f). As we have already rejected its argument that substituted service was improper, we will not revisit it here.

7. In its eighth enumeration of error, Sierra argues that the trial court erred in denying its motion for attorney fees pursuant to OCGA § 9-15-14 (b). This argument fails, because this Code section only permits attorney fees to be awarded for claims that are successful.[14] Sierra did not succeed on any claim, so the trial court did not err in denying its request for attorney fees.

8. In its ninth, and final, enumeration of error, Sierra contends that the trial court erred in denying its motion to compel arbitration. In a related enumeration, Sierra argues that the court should have granted its motion to set aside the default judgment pursuant to OCGA § 9-11-60 (d) (1) because the arbitration agreement in the parties' contract deprived the court of subject matter jurisdiction. We disagree.

> [A] judgment by default properly entered against parties sui juris operates as an admission by the defendant of the truth of the definite and certain allegations and the fair infer-ences and conclusions of fact to be drawn from the allega-tions of the declaration. . . . The default concludes the

---

[12] 297 Ga. App. 728 (678 SE2d 174) (2009).

[13] Id. at 730-731 (1), 732-733 (2).

[14] See *Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 242 (2) (d) (620 SE2d 463) (2005); *Lawrence v. Direct Mtg. Lenders Corp.*, 254 Ga. App. 672, 676 (4) (563 SE2d 533) (2002) (whole court).

defendant's liability, and estops him from offering any defenses which would defeat the right of recovery.[15]

In *Conseco Finance Servicing Corp. v. Hill*,[16] this Court held that a default judgment by failure to answer the complaint waived all defenses to liability between the parties to a contract, including the defense of arbitration. Here, Sierra filed an untimely answer asserting as a defense that the complaint was barred by the arbitration clause in the parties' contract. As default judgment was properly entered against Sierra, it was estopped from asserting the defense of arbitration. Therefore, Sierra's motion to compel arbitration was properly denied, and the trial court did not err in failing to set aside the judgment for lack of subject matter jurisdiction.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 22, 2011 —
RECONSIDERATION DENIED MARCH 18, 2011 — 

*Bryant & Oakes, Craig S. Oakes*, for appellant.
*Weissman, Nowack, Curry & Wilco, Jeffrey H. Schneider*, for appellee.

---

[15] (Citations and emphasis omitted.) *NorthPoint Group Holdings v. Morris*, 300 Ga. App. 491, 495 (2) (685 SE2d 436) (2009); accord *Roberson*, supra at 113 (1).

[16] 252 Ga. App. 774, 779 (4) (556 SE2d 468) (2001).